Hillsborough-northern judicial district
No 2000-444

## THE STATE OF NEW HAMPSHIRE

### v.

### SCOTT MITCHELL

Argued: May 16, 2002
Opinion Issued: September 16, 2002

*Philip T. McLaughlin,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Christopher M. Johnson,* chief appellate defender, and *David M. Rothstein,* deputy chief appellate defender, of Concord, on the brief, and *Mr. Johnson* orally, for the defendant.

NADEAU, J. The defendant, Scott Mitchell, was convicted in Superior Court (*Groff,* J.) of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996) (amended 1997, 1998, 1999). On appeal, he argues that the trial court erred in refusing to admit evidence that the victim had previously been sexually assaulted and that judicial proceedings had followed as a result. We affirm.

The record establishes the following facts. When the victim was five years old, she was sexually assaulted by her biological father. She reported the abuse and her father was arrested, eventually pleading guilty to charges arising from the incident. As a result of this abuse, the victim underwent counseling. The defendant married the victim's mother in 1994. The defendant sexually assaulted the victim, age twelve, in 1998, while her mother was out of the house. Approximately six months later, the victim

first reported the assault to her mother in a handwritten note. In the note, the victim asked to see a counselor "[l]ike the one [she] went to before." (Emphasis omitted.)

Before trial, the defendant filed a motion to introduce evidence of the victim's prior abuse and the judicial proceedings that followed. The Trial Court (*Sullivan*, J.) denied the motion, ruling that such information was irrelevant. On appeal, the defendant argues that evidence of the prior abuse was relevant because it demonstrated that the victim had first-hand knowledge of the court's power to permanently remove a person accused of sexual assault from the home. The defendant maintains that his relationship with the victim's mother was turbulent, giving the victim reason to want him removed from the family home. The defendant contends that the trial court's decision violated his due process rights and his right to confront witnesses. *See* U.S. CONST. amend. VI, XIV; N.H. CONST. pt. I, art. 15. We first address the defendant's argument under our State Constitution, citing federal authority only to aid our analysis. *See State v. Cannuli*, 143 N.H. 149, 151 (1998). Because the Federal Confrontation Clause affords no greater protection than the State Confrontation Clause, we need not undertake a separate federal analysis. *See State v. Dixon*, 144 N.H. 273, 278 (1999). Similarly, because the New Hampshire Constitution is at least as protective of the defendant's due process rights as the Fourteenth Amendment, *cf. Knowles v. Warden, N.H. State Prison*, 140 N.H. 387, 389 (1995), we do not engage in a separate federal analysis. *See State v. Ball*, 124 N.H. 226, 231-33 (1983).

■ A defendant has no constitutional right to present irrelevant evidence, *see Opinion of the Justices (Certain Evidence in Sexual Assault Cases)*, 140 N.H. 22, 24-25 (1995), and no right under Part I, Article 15 of the State Constitution to introduce evidence that will have little effect other than to confuse the issues or confound the jury, for such evidence is not competent, favorable proof. *See State v. Seymour*, 140 N.H. 736, 740-41 (1996). Because we affirm the trial court's ruling that the evidence in question is not relevant, we find no constitutional violation.

Whether evidence is relevant is a question for the trial court's sound discretion, and we will not overturn its determination absent an unsustainable exercise of discretion. *See State v. Graham*, 142 N.H. 357, 362 (1997); *State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *See Graham*, 142 N.H. at 362; *Lambert*, 147 N.H. at 296. Evidence is relevant if it has "any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence." *Graham*, 142 N.H. at 362 (quotation omitted); N.H. R. Ev. 401. Evidence that is not relevant is inadmissible. *See Graham*, 142 N.H. at 362; N.H. R. Ev. 402.

The defendant argues that the victim's prior sexual assault and the resulting judicial proceedings were relevant because: 1) evidence in the record supports his assertion that his tumultuous relationship with the victim's mother gave the victim a plausible motive to have the defendant removed from the family home; and 2) they demonstrate the victim's familiarity with the judicial system and its power to remove the defendant from the home, which is knowledge that a jury would not likely consider a twelve-year–old child to have. The defendant sought only to elicit evidence that the prior abuse occurred and that it resulted in the conviction of the victim's father; accordingly, he argues that any prejudice to the victim's privacy interests would be minimal as intrusive details of the former assault would be unnecessary. Finally, the defendant argues that the State opened the door to such evidence when it elicited testimony that the victim reported the assault to her mother by a written note which contained reference to the victim's first sexual assault.

■ A review of the record indicates that the trial court reasonably could have concluded that the proffered evidence was not relevant. As the trial court found, "There is no evidence, by offer of proof or otherwise, that the alleged victim wanted to exclude the defendant from the marital home." Further, at the time the victim reported the abuse to her mother, the defendant was no longer residing in the family home. On this record, imputing a motive to fabricate an allegation of sexual abuse from the stormy relationship between the defendant and the victim's mother would be pure speculation. *Cf. State v. Lavallee*, 145 N.H. 424, 426 (2000).

■ Nor do we find that the State opened the door to such evidence when it elicited testimony that the victim reported the abuse to her mother by a handwritten note. While testimonial evidence did reveal that the victim so reported her abuse, there was no evidence that the victim's note referencing her prior counseling was related to prior abuse.

*Affirmed.*

BROCK, C.J., and DALIANIS, J., concurred.