Grafton
No. 2010-774

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM K. TOWN

Argued: March 15, 2012
Opinion Issued: July 18, 2012

*Michael A. Delaney,* attorney general (*Susan P. McGinnis,* senior assistant attorney general, on the brief and orally), for the State.

*DesMeules, Olmstead & Ostler,* of Norwich, Vermont (*George H. Ostler* and *Christopher A. Dall* on the brief, and *Mr. Ostler* orally), for the defendant.

HICKS, J. The defendant, William K. Town, was convicted by jury of one count of aggravated felonious sexual assault occurring sometime between 1990 and 1992. *See* RSA 632-A:2 (1986) (amended 1992, 1994, 1995, 1997, 1998, 1999, 2003, 2008). He appeals, arguing that the Trial Court (*Vaughan,* J.) erred in denying his motion to exclude a juror and by allowing the victim to testify about certain statements made by him. He further argues that the Trial Court (*Bornstein* J.) erred in denying his motion for a mistrial after testimony suggestive of uncharged acts of sexual misconduct and by providing a deadlock jury instruction after twice learning of the jury's numerical split. We reverse on the first issue and remand.

*I. Juror Issue*

The record supports the following relevant facts. During jury selection, the trial court asked the prospective jurors whether they or a close friend or relative had ever been the victim of sexual abuse. Juror 67 was among those who responded affirmatively. As a result, the court conducted the following individual *voir dire* of Juror 67:

> JUROR 67: I would like to be on this one, but I have to tell you that I was molested when I was 14.
>
> THE COURT: Okay. Does that prevent you from being fair and impartial?
>
> JUROR 67: I think I need to do this.
>
> THE COURT: Well, there are plenty of cases, so, you know, don't feel like you have to be on this case. We've got plenty of cases.
>
> The real question is, because of your personal situation, do you think that would prevent you from being fair and impartial?
>
> JUROR 67: I'm not sure.
>
> THE COURT: Well, could you judge the case just from the evidence here in the courtroom and put aside your own situation? Would you be able to do that?

> JUROR [67]: All I could say is I would try.
>
> THE COURT: That's all we can ask is that you try.
>
> JUROR 67: I would try.
>
> . . . .
>
> [DEFENSE COUNSEL]: You're unsure that you would be able to do so?
>
> JUROR 67: I'm not sure.
>
> THE COURT: Well, would you try and put aside your personal situation —
>
> JUROR 67: I would.
>
> THE COURT: — and judge the case just from here. You can only do the best you can.
>
> JUROR 67: That's right.
>
> THE COURT: And are you willing to do that?
>
> JUROR 67: Yes.
>
> THE COURT: Okay.
>
> [THE STATE]: No questions.
>
> THE COURT: I'm going to find you qualified. Take your seat in the jury box.

The defendant argues that the trial court violated his right to a fair and impartial jury under the State and Federal Constitutions. *See* N.H. CONST. pt. I, arts. 15, 17, 21, 35; U.S. CONST. amend. VI. Specifically, he argues, among other things, that Juror 67's indication that she would "try" to be fair and impartial was insufficient, especially in light of her disclosures about her prior experience as a victim and her "need" to be on the jury in this case. We first address his claims under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only. *Id.* at 232-33.

As a threshold matter, the State asserts that the defendant failed to preserve this argument for appellate review. We disagree. The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review. *State v. Gordon*, 161 N.H. 410, 417 (2011). The purpose underlying our preservation rule is to afford the trial court an opportunity to correct any error it may have made before those issues are presented for appellate review. *See State v. Dowdle*, 148 N.H. 345, 347 (2002).

Here, immediately after the trial court found Juror 67 qualified, the following colloquy ensued between the court and defense counsel:

> [DEFENSE COUNSEL]: Your Honor, I exercised —

THE COURT: I'll treat your motion as a motion for cause.

[DEFENSE COUNSEL]: Okay. I guess I'm in a situation where for both of those, and I did — I'm out of peremptories. I exercised a —

THE COURT: Oh, yeah.

[DEFENSE COUNSEL]: I . . . exercised my first peremptory on Number 11, and so just to preserve the record, I would very much like to be able to use another peremptory for Number 67.

Number 67, after all, just said that she herself was sexually abused when she was 14. That's right around the age that the complainant claims that she was —

THE COURT: She was younger than that. I understand your issue.

[DEFENSE COUNSEL]: 12.

THE COURT: Thank you.

Defense counsel then further explained that he would like an additional peremptory challenge. The court indicated that it understood and stated, "Your motion for a peremptory is denied" and "Your motion for further challenge is also denied."

 While defense counsel could have elaborated on his concerns regarding the partiality of Juror 67, we believe that he did enough to alert the court to his concerns and to make clear that he did not want her on the jury. Indeed, it is clear from the court's questioning of Juror 67 as well as its subsequent colloquy with defense counsel that the court was aware of his concerns regarding Juror 67's partiality, and the court stated it was treating the defendant's motion as one for cause. *Cf. id.* at 348 (finding it unnecessary for defense counsel to object to the jury instruction itself where the court had informed counsel that it would decide what the substance of the instruction would be and "was already aware of the substance of defense counsel's request"); *State v. King*, 136 N.H. 674, 677 (1993) (finding issue preserved where it was clear from the court's comments that it understood defense counsel's objection to a jury instruction and that it had an opportunity to correct the error). We, therefore, turn to the merits of the defendant's argument.

Part I, Article 35 of our constitution provides that "[i]t is the right of every citizen to be tried by judges as impartial as the lot of humanity will admit." This provision for judicial impartiality is applicable as well to jurors. *State v. Wellman*, 128 N.H. 340, 348 (1986), *abrogated on other grounds by State v. Hughes*, 135 N.H. 413, 419-20 (1992); *State v. Sawtelle*, 66 N.H. 488, 503 (1891). Indeed, "[i]t is a fundamental precept of our system

of justice that a defendant has the right to be tried by a fair and impartial jury." *State v. Addison*, 161 N.H. 300, 303 (2010) (quotation omitted), *cert. denied*, 131 S. Ct. 2107 (2011); *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) ("One touchstone of a fair trial is an impartial trier of fact — a jury capable and willing to decide the case solely on the evidence before it." (quotation omitted)). Generally, a juror is presumed to be impartial. *Addison*, 161 N.H. at 303. A juror is considered impartial "if the juror can lay aside her impression or opinion and render a verdict based on the evidence presented in court." *State v. Weir*, 138 N.H. 671, 676 (1994) (quotation and brackets omitted); *Irvin v. Dowd*, 366 U.S. 717, 723 (1961), *superseded by statute on other grounds, as stated by Moffat v. Gilmore*, 113 F.3d 698, 701 (7th Cir. 1997). When a juror's impartiality is questioned, however, the trial court has a duty to determine whether the juror is indifferent. *Addison*, 161 N.H. at 303. "If it appears that any juror is not indifferent, he shall be set aside on that trial." RSA 500-A:12, II (2010); *Weir*, 138 N.H. at 673.

Once the trial court on *voir dire* has made a determination as to whether a prospective juror is free from prejudice, *Addison*, 161 N.H. at 303, it is then our duty on appeal to evaluate the *voir dire* testimony of the empanelled jury to determine whether an impartial jury was selected, *State v. Laaman*, 114 N.H. 794, 800 (1974). We will not disturb the trial court's ruling absent an unsustainable exercise of discretion or a finding that the trial judge's decision was against the weight of the evidence. *Addison*, 161 N.H. at 303.

■ Here, Juror 67 expressed clear concerns regarding her ability to be impartial. She revealed that she had been the victim of sexual assault at age fourteen and stated, "I think I need to do this." She then repeatedly reiterated that she was "not sure" whether she could be fair and impartial. Although the trial court twice asked her if she could put aside her personal situation and judge this case based solely upon the evidence presented, each time she merely indicated that she would "try." In view of Juror 67's entire *voir dire*, we hold that her indication that she would "try" to be fair and impartial, without more, was insufficient to establish that she could "lay aside her impression or opinion and render a verdict based on the evidence presented in court." *Weir*, 138 N.H. at 676 (quotation and brackets omitted); *cf. United States v. Gonzalez*, 214 F.3d 1109, 1113 n.5 (9th Cir. 2000) (disagreeing with government's characterization of the juror's response "I'll try" as being unequivocal that she could put aside her own personal experience and be fair and impartial); *State v. Addison*, 160 N.H. 493, 499 (2010) (noting that all of the jurors selected who indicated they had some knowledge of the defendant's indictment on a separate offense, or the

underlying facts of that indictment, said they could render a verdict based upon only the evidence presented at trial), *cert. denied*, 131 S. Ct. 1494 (2011). Accordingly, we conclude that the court unsustainably exercised its discretion in finding Juror 67 qualified to sit on the jury.

Because the defendant prevails under our State Constitution, we need not reach the federal issue. *See Ball*, 124 N.H. at 237.

The defendant next argues that the trial court erred in admitting a statement he made to the victim at a party in 1993. Because the issue is likely to arise on remand, we will address it. *See Dowdle*, 148 N.H. at 349.

Before trial, relying upon New Hampshire Rules of Evidence 401, 403, and 404(b), the defendant sought to exclude testimony by the victim about a statement he made to her at a party in 1993 acknowledging that he was "disgusting." Following a hearing, the trial court denied the defendant's request.

At trial, the victim testified that the first time she was alone with the defendant following the sexual assault was at a party in 1993. She testified that the defendant

> came out to the kitchen and it was just me and him out there. And he put his arm around me like this and he said, . . . you remember what we used to do. I said, no, you're disgusting. And he said, I know I am disgusting, and he got down on the floor like this, and I just ran downstairs to where the girls were in the basement.

The defendant argues that the statement "is too vague to be considered a confession or admission." Therefore, he argues, it was irrelevant and prejudicial. The State contends that the statement was relevant as an admission of guilt and that its probative value was not substantially outweighed by its potential for unfair prejudice.

"Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *State v. Mitchell*, 148 N.H. 293, 294-95 (2002) (quotation omitted); N.H. R. Ev. 401. Evidence that is not relevant is inadmissible. *Mitchell*, 148 N.H. at 295. Whether evidence is relevant is a question for the trial court's sound discretion, and we will not overturn its determination absent an unsustainable exercise of discretion. *Id.* at 294. To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *Id.*

■ Here, the defendant argues that the statement is neither a confession nor an admission and, thus, was not relevant. He further maintains that the statement is not relevant because it "was made years after the alleged assault." We disagree. The victim testified that the next time she was alone

with the defendant following the sexual assault he put his arm around her and said, "you remember what we used to do." She testified that she said he was "disgusting" and he responded, "I know I am disgusting, and . . . got down on the floor." Although more than one interpretation of the defendant's statement was possible, it could be understood to imply that the defendant believed himself to be disgusting based upon his commission of the sexual assault. *Cf. People v. Grathler*, 858 N.E.2d 937, 943 (Ill. App. Ct. 2006) (finding defendant's apologies to the victim "could be construed as demonstrating his consciousness of guilt"). Moreover, despite the fact that the statement was made a substantial period of time after the assault, it was made the first time the victim and the defendant were alone following the assault. Thus, the statement was relevant. *Cf. State v. Elbert*, 125 N.H. 1, 13 (1984) (finding defendant's statement shortly after the crime that he "didn't want to go to prison anymore, and that if the police would stop him he would kill himself" relevant as an admission of guilt despite the fact that it could have more than one interpretation).

Nonetheless, even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.H. R. Ev. 403.

> Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case. Unfair prejudice is not, of course, a mere detriment to a defendant from the tendency of the evidence to prove his guilt, in which sense all evidence offered by the prosecution is meant to be prejudicial. Rather, the prejudice required to predicate reversible error is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged.

*State v. Cassavaugh*, 161 N.H. 90, 98 (2010) (quotation omitted). We accord the trial court considerable deference in determining whether probative value is substantially outweighed by the danger of unfair prejudice, and we will not disturb its decision absent an unsustainable exercise of discretion. *State v. Miller*, 155 N.H. 246, 252 (2007).

■ We disagree with the defendant that the trial court erred in finding that the danger of unfair prejudice resulting from the victim's testimony regarding the defendant's 1993 statement did not substantially outweigh

the testimony's probative value. The victim's testimony regarding this statement was brief and "not so unduly emotional as to inflame a jury." *Cassavaugh*, 161 N.H. at 98-99 (quotation omitted). Accordingly, we hold that the trial court did not unsustainably exercise its discretion when it admitted evidence of the defendant's statement to the victim that he was "disgusting."

Given our disposition of this appeal, we decline to address the defendant's remaining arguments as they are unlikely to arise again on remand. *See State v. Woodard*, 146 N.H. 221, 229 (2001).

*Reversed and remanded.*

DALIANIS, C.J., and CONBOY and LYNN, JJ., concurred.