# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0313, <u>State of New Hampshire v. Jaime B. Guay</u>, the court on February 12, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Jaime Guay, appeals her conviction, following a jury trial in Superior Court (<u>Tucker</u>, J.), on a charge of theft by unauthorized taking, <u>see</u> RSA 637:3 (2016), for not scanning or paying for some merchandise at a department store's self-checkout register before leaving the store with the merchandise in her possession. She argues that the trial court erred by not allowing her to testify, under New Hampshire Rule of Evidence 403, that she was in an abusive relationship, and that at the time she failed to pay for the relevant merchandise, she was distracted by fear of what her boyfriend might do when she later arrived home. We affirm.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." <u>N.H. R. Ev.</u> 401. Relevant evidence is generally admissible. <u>N.H. R. Ev.</u> 402. The trial court may, nevertheless, exclude evidence that is relevant "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." <u>N.H. R. Ev.</u> 403.

"Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." <u>State v. Town</u>, 163 N.H. 790, 796 (2012) (quotation omitted). Unfair prejudice "is an undue tendency to induce a decision . . . on some improper basis, commonly one that is emotionally charged." <u>Id</u>. (quotation omitted).

Whether evidence is relevant, or whether its probative value is substantially outweighed by a danger of unfair prejudice, are matters within the trial court's sound discretion. <u>See</u> <u>id</u>. at 795-96. To establish that the trial court unsustainably exercised its discretion, the defendant must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of her case. <u>See</u> <u>id</u>. at 795.

In this case, the defendant sought to introduce evidence that when she was at the store, she received a phone call from her abusive and controlling

boyfriend, that she had been at the store for longer than she had anticipated, and that she was distracted by fear and anxiety "for her physical safety and her general well-being" because of "what would happen when she got home." She argued that evidence of the abusive and controlling nature of her relationship with her boyfriend was relevant to demonstrate that she did not act "with a purpose to deprive" the store of its merchandise. RSA 637:3, I. The trial court allowed the defendant to testify that she was rushing because she was running late, and that she was concerned that her boyfriend would be angry. The trial court would not allow the defendant, however, to testify that her boyfriend was "abusive and controlling," or what she thought her boyfriend "might do if she was late." The trial court observed that "the reason [the defendant] had to get home [was not] especially relevant," and that "if you get into the abusive relationship, . . . you're playing on sympathy which is going to distract the jury from whether she had the required mental state." Thus, the trial court reasoned that any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice.

On this record, we cannot conclude that the trial court's ruling was clearly untenable or unreasonable to the prejudice of the defendant's case. See Town, 163 N.H. at 795. The trial court reasonably could have determined that the abusive nature of the defendant's relationship with her then-boyfriend bore little probative value as to whether she acted purposely. Moreover, the trial court's determination that any relevance of such evidence was substantially outweighed by a danger that the jury might decide the case based upon its sympathy for the defendant as a domestic violence victim, rather than upon the evidence and the trial court's instructions, was reasonable and well within the trial court's discretion. See State v. Jenot, 158 N.H. 181, 186-87 (2008) (holding that, for purposes of Rule 403, jury "could have been distracted by the [excluded] evidence [in an accomplice liability case that the defendant had previously been sexually assaulted by the principal] and based [its] decision upon the defendant's status as a victim of the principal rather than the facts adduced and instructions on the law").

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2