# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0572, <u>State of New Hampshire v. Deion Anthony Ferrone</u>, the court on February 12, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Deion Anthony Ferrone, appeals his conviction, following a jury trial in Superior Court (<u>Ruoff</u>, J.), on multiple felony and misdemeanor charges arising out of several incidents of domestic violence that occurred over the course of two days in January 2021.  On appeal, the defendant challenges the trial court's decisions to admit evidence: (1) of prior uncharged acts of domestic violence over his objections that such evidence was inadmissible under New Hampshire Rule of Evidence 404(b); and (2) of numerous text and Facebook messages that the defendant sent the victim in the days immediately following the charged crimes over his objections that such evidence was irrelevant and unfairly prejudicial in violation of New Hampshire Rules of Evidence 401, 402, and 403.  We affirm.

We first address whether the trial court erred by admitting the text and Facebook messages.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action."  <u>N.H. R. Ev.</u> 401.  Irrelevant evidence is not admissible.  <u>N.H. R. Ev.</u> 402.  Even evidence that is relevant, however, may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  <u>N.H. R. Ev.</u> 403.

"Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case."  <u>State v. Town</u>, 163 N.H. 790, 796 (2012) (quotation omitted).  Unfair prejudice is not "a mere detriment to a defendant from the tendency of the evidence to prove his guilt," but rather "is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged."  <u>Id</u>. (quotation omitted).

Whether evidence is relevant, or whether the probative value of otherwise relevant evidence is substantially outweighed by a danger of unfair prejudice, are matters within the trial court's sound discretion.  <u>See id</u>. at 795-96.  To establish that the trial court unsustainably exercised its discretion, the

defendant must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case.  See id. at 795.

In this case, the evidence establishes that over the course of multiple days following the two days in which the defendant committed the charged acts of domestic violence, and before learning that the victim had reported the charged acts to law enforcement, the defendant sent the victim numerous text messages and messages from multiple Facebook accounts to which the victim did not respond.  The messages included numerous messages in which the defendant repeatedly said variants of, "yo," or "hello," repeatedly demanded that the victim respond or answer him, expressed anger and frustration that the victim was not responding, and threatened to come and confront the victim.  The messages also included a single message, the admissibility of which the defendant concedes, in which he apologized for being a bad boyfriend and hitting the victim.  The messages ended with the defendant driving by the victim's home twice while sending her a text message saying, "I see you."  At that point, the victim called the detective to whom she had earlier reported the charged conduct "in a hysterical state," and the defendant was arrested shortly thereafter a few hundred feet from her residence.

On appeal, the defendant argues that the messages, other than the one in which he admitted to having hit the victim, were irrelevant because, he claims, they had "no . . . utility" other than to "show[] him to have a bad character," and that, because the messages "depicted [him] in such a negative light," they were unfairly prejudicial.  The State counters that the messages were relevant to establish the defendant's state of mind, and that they were not unfairly prejudicial.  We agree with the State.

The State's evidence included the victim's vivid and detailed description of multiple acts of domestic violence that the defendant perpetrated over the course of two days shortly before he began sending the messages.  During one of the assaults, the defendant told the victim that "he didn't want to go to jail for it."  In the one message that the defendant does not challenge on appeal, he apologized for being a "bad boyfriend" and hitting the victim.  The remaining messages depict increasing anger, frustration, and threats on the part of the defendant in response to the victim's silence, as well as a few professions of love and concern; they culminated with the defendant driving by her residence twice while texting her that he saw her.  In context, the trial court reasonably could have determined that the messages were probative of the defendant's consciousness of guilt for having engaged in the very behavior for which he apologized.  See State v. Peters, 162 N.H. 30, 37-38 (2011) (noting that consciousness of guilt may be inferred from an attempt to influence a witness); cf. State v. Evans, 150 N.H. 416, 420-21 (2003) (upholding instruction allowing jury to infer consciousness of guilt from false exculpatory statements made by the defendant in order to influence a witness).

2

Moreover, we agree with the State that the messages "were no more emotionally charged than the victim's direct testimony about the defendant's abuse."  Under the circumstances, the trial court reasonably could have determined that the probative value of the messages was not substantially outweighed by a danger of unfair prejudice.  Accordingly, we conclude that the trial court did not unsustainably exercise its discretion by admitting the messages over the defendant's relevance and unfair prejudice objections.  See Town, 163 N.H. at 795-97.  To the extent that the defendant is also arguing that the messages violated New Hampshire Rule of Evidence 404, we agree with the State that the argument is not preserved.  See State v. Leroux, 175 N.H. 204, 209 (2022) (to preserve challenge to the admissibility of evidence, appealing party must make specific and contemporaneous objection at trial).

We next address whether the trial court erred by admitting evidence of several prior uncharged acts of domestic violence in violation of New Hampshire Rule of Evidence 404(b).  The State argues that, even if the trial court erred by admitting evidence of the uncharged acts, the error was harmless beyond a reasonable doubt.  We agree.

"[T]o establish harmless error, the State must prove beyond a reasonable doubt that the error did not affect the verdicts."  State v. Boudreau, 175 N.H. 806, 816 (2023) (quotation omitted).  "This standard applies to both the erroneous admission and exclusion of evidence."  Id.  "We consider the alternative evidence presented at trial as well as the character of the erroneously admitted evidence itself."  Id. (quotation and brackets omitted).  "To determine whether the State has proven beyond a reasonable doubt that an error did not affect the verdict, we must evaluate the totality of the circumstances at trial."  Id.  The factors that we have considered in assessing whether an error did not affect a verdict include, but are not limited to:

> (1) the strength of the State's case; (2) whether the admitted or excluded evidence is cumulative or inconsequential in relation to the strength of the State's case; (3) the frequency of the error; (4) the presence or absence of evidence corroborating or contradicting the erroneously admitted or excluded evidence; (5) the nature of the defense; (6) the circumstances in which the evidence was introduced at trial; (7) whether the court took any curative steps; (8) whether the evidence is of an inflammatory nature; and (9) whether the other evidence of the defendant's guilt is of an overwhelming nature.

Id. at 817 (citations omitted).  "No one factor is dispositive."  Id.  "This court may consider factors not listed above, and not all factors may be implicated in a given case."  Id.

3

As noted above, the victim described the charged conduct in vivid detail. The victim's account was corroborated by witnesses, including a police officer, who observed bruising on her shortly after the charged conduct, and by photographic evidence of the bruising. Moreover, in addition to the post-assault text message from the defendant apologizing for hitting the victim, the State introduced a text message from the day before the charged conduct began in which the defendant threatened to "kill" the victim and to "slit [her] throat." With respect to the prior assaults, the trial court expressly instructed the jury, before the evidence was introduced, that it pertained to uncharged incidents occurring before the acts alleged to have occurred in this case, that the jury was prohibited from using such evidence "to conclude that because [the defendant] may have done something in the past he likely did it this time," and that the jury was only permitted to consider such evidence for the "limited purposes" of evaluating the effect the prior incidents may have had on the victim's state of mind, how she "may have reacted to" the charged assaults, and on her credibility. We presume that the jury followed these instructions. See State v. Clark, 174 N.H. 586, 594 (2021). Considering the circumstances at trial in their totality, we conclude, beyond a reasonable doubt, that any error in admitting evidence of the prior assaults did not affect the verdict in this case. See Boudreau, 175 N.H. at 816-17.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**