# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0615, <u>State of New Hampshire v. Steven Smith</u>, the court on May 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Steven Smith, appeals his conviction, following a jury trial in Superior Court (<u>Nicolosi</u>, J.), on a charge of simple assault on a police officer for kicking the officer while the defendant was in custody and handcuffed to a bed in a hospital emergency room. <u>See</u> RSA 631:2-a (2016); RSA 651:6, I(g), III (2016) (amended 2021). The defendant argues that the trial court erred by admitting, over his Rule 404(b) objection, evidence that, shortly before the charged assault, he had yelled at the officer that his police department was responsible for an assault that the defendant had just suffered. We affirm.

We review the defendant's challenge to the trial court's evidentiary ruling for an unsustainable exercise of discretion. <u>State v. Tufano</u>, 175 N.H. 662, 665 (2023). To establish that the trial court unsustainably exercised its discretion, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith," but may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." <u>N.H. R. Ev.</u> 404(b)(1). We assume, without deciding, that the statements at issue here amounted to evidence of "other crimes, wrongs, or acts." To be admissible under Rule 404(b): (1) the evidence must be "relevant for a purpose other than proving the person's character or disposition"; (2) there must be "clear proof" that the person engaged in the other crimes, wrongs, or acts; and (3) "the probative value of the evidence" must not be "substantially outweighed by the danger of unfair prejudice." <u>N.H. R. Ev.</u> 404(b)(2)(A)-(C); <u>see</u> <u>Tufano</u>, 175 N.H. at 665. The defendant challenges the admissibility of the statements at issue under the first and third elements of the Rule 404(b)(2) test.

To satisfy the relevance element, the State must specify the purpose for which the evidence is offered and articulate the precise chain of reasoning by which it will tend to prove or disprove a disputed issue without relying on forbidden inferences of predisposition, character, or propensity. <u>Tufano</u>, 175 N.H. at 665-66. In this case, the defendant concedes that whether he acted

knowingly when he kicked the officer was a disputed issue. The State argued, and the trial court agreed, that the statements were relevant to the defendant's state of mind at the time he kicked the officer. As the trial court observed, the defendant appeared to be agitated when he made the statements claiming that the police were responsible for his assault because the persons who assaulted him were under police control, he made the statements just minutes before he kicked the officer, and at the time he kicked the officer, the officer had just prevented him from getting control of his phone that he claimed he needed to warn someone of danger. We conclude that the trial court reasonably determined that the challenged statements were relevant to whether the defendant acted knowingly when he kicked the officer.

"Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." State v. Town, 163 N.H. 790, 796 (2012) (quotation omitted). Unfair prejudice is not "a mere detriment to a defendant from the tendency of the evidence to prove his guilt," but rather "is an undue tendency to induce a decision against the defendant on some improper basis, commonly one that is emotionally charged." Id. (quotation omitted). Here, we conclude that the trial court reasonably determined that the probative value of the statements at issue was not substantially outweighed by a danger of unfair prejudice.

Accordingly, we conclude that the defendant has not established that the trial court's decision to admit the statements at issue was clearly untenable or unreasonable to the prejudice of his case. Tufano, 175 N.H. at 665.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**