NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court-Nashua Family Division
No. 2017-0518


IN THE MATTER OF ERIC MCANDREWS AND SACHET WOODSON

Argued: May 15, 2018
Opinion Issued: August 10, 2018


Shanelaris & Schirch, PLLC, of Nashua (Catherine E. Shanelaris and Jennifer E. Warburton on the brief, and Ms. Warburton orally), for the petitioner.

Welts, White & Fontaine, P.C., of Nashua (Israel F. Piedra on the brief and orally), for the respondent.


DONOVAN, J. The petitioner, Eric McAndrews, appeals an order recommended by a Marital Master (DalPra, M.) and approved by the Circuit Court (Introcaso, J.) dismissing his petition to modify a parenting plan on inconvenient forum grounds. The parenting plan pertains to the petitioner's child with whom he shares custody with the respondent, Sachet Woodson. On appeal, the petitioner argues that the trial court erred in dismissing his petition because it conducted an improper and incomplete inconvenient forum analysis pursuant to RSA 458-A:18 (Supp. 2017), a provision of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). See generally RSA 458-A (Supp. 2017). We vacate and remand.

The record supports the following facts. The parties are the unmarried parents of their child, who was 4 years of age at the time of the hearing that is

the subject of this appeal. In January 2014, the parties negotiated and filed a joint parenting plan that was subsequently approved by the trial court. The court-approved plan provided that: (1) the parties would exercise joint decision-making responsibility for their child; (2) the child would reside with the petitioner four months in any given year; and (3) the respondent would maintain primary residential responsibility for the child. The parties further stipulated that they would revisit the question of their child's legal residence within six months of her enrollment in kindergarten. Finally, the plan permitted the respondent and child to relocate to California, but established that any "[f]urther relocations must be approved by the Court" and that New Hampshire "shall retain jurisdiction over the child for future modifications."

Since the trial court's approval of the original parenting plan, the petitioner has continuously resided in New Hampshire and maintained significant visitation and parenting time in this state. In 2014, the trial court entertained and denied the petitioner's motion to modify the parenting plan. The trial court also ordered a modification to the petitioner's child support obligation in April 2015.

In late 2015, the respondent and child moved from California to Indiana without the trial court's approval or the petitioner's prior knowledge. In February 2017, the petitioner filed a petition with the trial court seeking to modify the parenting plan to provide him with primary residential responsibility for the child. As grounds for this modification, the petitioner complained that the respondent had moved the child to a different state without court approval, and alleged that the child was undernourished, subjected to physical discipline, and that her home life had little structure. Approximately six weeks later, the respondent filed a petition in Indiana seeking a custody order establishing parenting time in that state without informing the court in Indiana of the parenting plan or the pending petition to modify in New Hampshire. She also filed a motion to dismiss the modification petition in New Hampshire claiming that New Hampshire did not have jurisdiction.

On May 3, 2017, the marital master held a hearing, at which the parties made offers of proof with respect to the pending motion to dismiss and the petition to modify. In an order that was subsequently approved by the trial court, the master found that both New Hampshire and Indiana had jurisdiction over the matter and that its task was to determine whether New Hampshire was "the better venue or an inconvenient forum" pursuant to the terms of the UCCJEA. RSA 458-A:18, II provides, in pertinent part, that when deciding whether New Hampshire "is an inconvenient forum under the circumstances and a court of another state is a more appropriate forum," trial courts "shall consider all relevant factors, including":

2

(a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(b) The length of time the child has resided outside this state;

(c) The distance between the court in this state and the court in the state that would assume jurisdiction;

(d) The relative financial circumstances of the parties;

(e) Any agreement of the parties as to which state should assume jurisdiction;

(f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) The familiarity of the court of each state with the facts and issues in the pending litigation.

RSA 458-A:18, II.

In his written decision, the master determined that: (1) "[t]here are no complaints of domestic violence"; (2) "[t]he parties are not wealthy"; (3) "[t]he child has resided outside [New Hampshire] since January 2015 and in [Indiana] since December 2015"; (4) "the child's parenting time with the [petitioner] in [New Hampshire] is significant"; and (5) "virtually all the evidence that may support [the petitioner's] allegations [of improper care] is located in [Indiana]." See id. Based upon this analysis, the master recommended, and the trial court approved, the dismissal of the New Hampshire action conditioned upon Indiana's acceptance of jurisdiction. In August 2017, the Indiana court accepted jurisdiction of the case. This appeal followed.

On appeal, the petitioner argues, in part, that the trial court erred by conducting a "partial" or "conflated" inconvenient forum analysis under RSA 458-A:18. We interpret this argument as a challenge to the trial court's inconvenient forum analysis based upon the trial court's failure to adequately consider all of the factors set forth in the statute when it found Indiana to be a more appropriate forum. The respondent, on the other hand, maintains that the trial court applied the correct legal standard when it implicitly found that New Hampshire is an inconvenient forum and that its decision that Indiana is the more appropriate forum is a sustainable exercise of the trial court's discretion.

Generally, a trial court's dismissal of a case on an inconvenient forum basis falls within the court's discretion. See In re Estate of Mullin, 169 N.H. 632, 639 (2017); see also Watson v. Watson, 724 N.W.2d 24, 33 (Neb. 2006) (decision to decline jurisdiction under the UCCJEA on an inconvenient forum basis is "entrusted to the discretion of the trial court"). We will overturn the

trial court's decision only if we find an unsustainable exercise of discretion. Mullin, 169 N.H. at 639. This standard of review requires that the petitioner "demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of [his] case." Id. (quotation omitted).

Before addressing the petitioner's arguments, we review the statutory framework and purposes of the UCCJEA. See In the Matter of Yaman & Yaman, 167 N.H. 82, 87 (2014). The UCCJEA was first promulgated, in part, to resolve issues resulting from decades of conflicting court decisions interpreting and applying its statutory predecessor, the Uniform Child Custody Jurisdiction Act. Id. The purposes of the UCCJEA, as described by its promulgating body, the National Conference of Commissioners on Uniform State Laws, are, inter alia, to "'[a]void jurisdictional competition and conflict with courts of other States in matters of child custody which have in the past resulted in the shifting of children from State to State with harmful effects on their well-being'" and to "'[d]iscourage the use of the interstate system for continuing controversies over child custody.'" Id. (quoting UCCJEA § 101, cmt., 9-IA U.L.A. 657 (1999)). In 2009, New Hampshire adopted the UCCJEA, and it subsequently took effect in December 2010. Id. Indiana adopted the UCCJEA in 2007. See 2007 Ind. Act 1957; see also Ind. Code § 31-21 (2018).

The task of avoiding jurisdictional conflicts begins with an initial determination as to which state maintains exclusive and continuing jurisdiction. In this case, there is no dispute that, at the time the respondent filed her custody petition in Indiana, New Hampshire had exclusive, continuing jurisdiction by virtue of the trial court's approval of the original parenting plan submitted by the parties and the petitioner's continued residence here. Because the petitioner continues to reside in this state, the trial court in New Hampshire, as the court maintaining exclusive, continuing jurisdiction, must determine the parties' residence and connections to this state before relinquishing jurisdiction on inconvenient forum or other grounds. See RSA 458-A:13, I, :14 (Supp. 2017).

When a parent continues to reside in New Hampshire and the child maintains a significant connection to this state, a party seeking to modify the initial custody order in another jurisdiction must first obtain an order from the New Hampshire court stating either that it no longer has jurisdiction or that an Indiana court would be a more convenient forum. See Ind. Code § 31-21-5-3(1).[1] The record submitted on appeal does not demonstrate that the respondent complied with this, and several other, requirements when she filed

---

[1] We recognize that there are circumstances, not relevant to the present matter, which would permit a court from a jurisdiction without exclusive, continuing jurisdiction to modify a child-custody determination. See Ind. Code § 31-21-5-3-(2) (where a court determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state), § 31-21-5-4 (temporary emergency jurisdiction); see also RSA 458-A:14, II, :15.

her custody petition in Indiana. See Ind. Code § 31-21-5-10 (requiring information about other custody or visitation proceedings when initiating a child custody matter). Absent certain circumstances not present here, the Indiana court lacked jurisdiction to act on her petition without the New Hampshire court first relinquishing its jurisdiction. See Ind. Code § 31-21-5-3. As the court with exclusive, continuing jurisdiction, the trial court in New Hampshire may, of course, decline to exercise jurisdiction, but only "if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." RSA 458-A:18, I. When a trial court declines jurisdiction under the UCCJEA, the "objecting party is entitled to know that the trial court has engaged in a proper consideration of 'all relevant factors' and to a record that allows for meaningful appellate review." Watson, 724 N.W.2d at 34. It is in light of these statutory conditions that we now address the petitioner's challenge to the trial court's decision to cede jurisdiction and dismiss the petition to modify the original custody order.

As previously noted, the UCCJEA requires that, when deciding whether New Hampshire is an inconvenient forum and a court of another state is a more appropriate forum, trial courts "shall consider all relevant factors, including" the eight specific factors set forth in the statute. RSA 458-A:18, II (emphasis added). Addressing the parties' arguments on appeal, therefore, requires that we interpret this specific provision of the statute. Our review of the trial court's statutory interpretation is de novo. Yaman, 167 N.H. at 86. "When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used." In the Matter of Sheys & Blackburn, 168 N.H. 35, 37 (2015). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. at 37-38. "When the language of a statute is unambiguous, we do not look beyond it for further indications of legislative intent." Id. at 38. Because a primary purpose of the UCCJEA is "to make uniform the law among the various jurisdictions, we look to other jurisdictions for guidance." Bursey v. CFX Bank, 145 N.H. 126, 129 (2000) (quotation omitted).

By its use of the word "shall," the UCCJEA plainly requires that a trial court vested with exclusive, continuing jurisdiction over a child-custody matter engage in a complete and thorough inquiry with strict adherence to the statute's terms before the court declines jurisdiction on inconvenient forum grounds. See McCarthy v. Wheeler, 152 N.H. 643, 645 (2005) (considering the legislature's use of the word "shall" as a command, indicating a mandatory intent). Courts in other jurisdictions have similarly interpreted the UCCJEA's inconvenient forum test as requiring strict adherence to the statute. See, e.g., Hogan v. McAndrew, 131 A.3d 717, 724 (R.I. 2016); Watson, 724 N.W.2d at 32. Declining to maintain jurisdiction over a child-custody matter when a court initially possesses exclusive, continuing jurisdiction should not be undertaken lightly: rather, the

court's decision must be based upon a thorough analysis of the evidence within the strict guidelines of the statute. Hogan, 131 A.3d at 724.

On appeal, the petitioner argues that the trial court improperly conflated the UCCJEA's inconvenient forum test by not engaging in a two-step analysis that requires an explicit finding that, first, New Hampshire is an inconvenient forum and, second, Indiana is a more appropriate forum based upon the factors set forth in RSA 458-A:18, II. The respondent maintains, however, that the petitioner's "two-step" argument is not preserved for our review.

We first address the respondent's preservation argument. While the petitioner may not have articulated his arguments to the trial court in precisely the same manner as he has on appeal, his claims of error are subsumed within his challenge to the trial court's interpretation and application of RSA 458-A:18. Whether the petitioner argues that the trial court's analysis was incomplete, conflated, or required a "two-step" inquiry is of no moment, because the basic and broader nature of his challenge — that the court erred by failing to consider all relevant factors in reaching its conclusion that Indiana was the more convenient forum — was squarely placed before the trial court by way of the petitioner's pleadings seeking reconsideration. See Farrelly v. City of Concord, 168 N.H. 430, 438 (2015) (ruling that plaintiff's statutory argument to the trial court adequately preserved common law claims under same theory of relief). We, therefore, conclude that the petitioner adequately preserved his challenge by affording the trial court an opportunity to consider the issue now raised on appeal and provided it with an opportunity to correct the error. See State v. Mouser, 168 N.H. 19, 27 (2015); State v. Town, 163 N.H. 790, 792 (2012).

We now address the merits of the petitioner's argument on appeal. The petitioner maintains that the trial court failed to conduct a proper inconvenient forum analysis under RSA 458-A:18, II when it did not consider all of the factors set forth in the statute. We agree. RSA 458-A:18, II requires the consideration of "all relevant factors." RSA 458-A:18, II (emphasis added). Here, the trial court's analysis fails to articulate how or whether it considered several of the factors enumerated within the statute, including RSA 458-A:18, II: (c) the distance between the court in this state and the court that would assume jurisdiction; (e) the parties' agreement on which state should assume jurisdiction; (g) each court's ability to decide issues and procedures necessary to present evidence; and (h) each court's familiarity with the facts and issues in the pending litigation. Additionally, the order lacks a meaningful analysis of the factors that the trial court relied upon. Instead, the trial court appears to have based its decision upon just two factors: (1) the child's "more significant connection" to Indiana; and (2) the location of "virtually all the evidence" in Indiana pertaining to some of the petitioner's allegations.

6

Although the trial court's order includes a passing reference to the factor set forth in RSA 458-A:18, II(e), pertaining to any forum-selection agreement between the parties, we are concerned that the order lacks any analysis of the import of this factor. The parties originally agreed that New Hampshire would maintain jurisdiction despite the anticipated relocation of the respondent and child to California. Yet, the trial court did not consider whether the child's relocation from California to Indiana made New Hampshire a more or less convenient forum, despite the fact that the child's relocation to Indiana substantially reduced the distance between the trial court and the child's residence. The trial court may have considered the parties' forum-selection agreement, but it did not assess its significance or balance its import in relation to the other factors in reaching its decision.[2]

Nor did the court address all of the factors necessary to determine whether New Hampshire is an inconvenient forum. For example, the order is silent on whether or how the court assessed the factor pertaining to the familiarity of the court of each state with the pending litigation. See RSA 458-A:18, II(h). Notably, the record before us indicates that, in 2014, the court in New Hampshire approved the original parenting plan and ruled on the petitioner's modification petition, and, in 2015, the court modified the applicable support order. By contrast, the Indiana court's involvement in this matter began when the respondent filed her custody petition in that state in April of 2017. Despite the New Hampshire court's prior involvement and relative familiarity with the parties, its order includes no discussion of this particular factor.

The trial court's order does not reflect a thorough review of the evidence with regard to the factors it ultimately relied upon. Although the trial court found that "virtually all the evidence" pertaining to the child's care and discipline is located in Indiana, "[a] court may not decline jurisdiction under the UCCJEA merely because another forum of equal or greater convenience exists." Hogan, 131 A.3d at 729. The petitioner identified sources of evidence in New Hampshire that could provide similar or potentially countervailing information relevant to issues concerning the child's care and discipline. Nonetheless, the trial court's order includes no discussion or analysis as to how it reached its conclusion despite the petitioner's identification of teachers, coaches, doctors, and daycare providers in New Hampshire who could provide

---

[2] We acknowledge that the parties' initial agreement that New Hampshire would assume and maintain jurisdiction is not the controlling factor to be considered when conducting an inconvenient forum analysis. See Horgan v. Romans, 851 N.E.2d 209, 212-13 (Ill. App. Ct. 2006) (finding that binding forum-selection agreement did not preclude judicial determination of forum as inconvenient). Nonetheless, the nature of the agreement as a final order by consent suggests that it should be considered a material factor deserving more consideration in the trial court's forum analysis than a passing reference. See Hogan, 131 A.3d at 726.

evidence concerning this particular issue.  Instead, it lists some of the factors identified in the UCCJEA's inconvenient forum analysis, without comment, and disregards several factors specifically enumerated in the statute without attempting to balance or analyze "all [of the] relevant factors" that influenced its decision.  RSA 458-A:18, II.  The trial court's failure to provide a meaningful analysis of the factors that it relied upon in reaching its conclusion and its failure to address each specific factor required by the UCCJEA was untenable and unreasonable to the prejudice of the petitioner's case, and, therefore, its decision that Indiana is the more convenient forum constitutes an unsustainable exercise of its discretion.

We observe that the global inquiry set forth in RSA 458-A:18, II reflects the underlying purposes of the UCCJEA, as a whole, to discourage forum shopping by parents unhappy with custody orders, to inhibit the use of the interstate system for continuing controversies over child custody matters, and to avoid jurisdictional competition and re-litigation of custody decisions.  See Yaman, 167 N.H. at 87.  The respondent's filing of a competing custody petition in Indiana, without informing that court of New Hampshire's exclusive, continuing jurisdiction, or of the petition pending in this state to modify the original custody order, is precisely the type of conduct that the UCCJEA was intended to deter.  Because we conclude that the trial court's decision constitutes an unsustainable exercise of its discretion, we vacate the trial court's order and remand for further proceedings consistent with this opinion.

Vacated and remanded.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.