IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ERIC HUBERT, *Petitioner/Appellant*,

*v.*

JENNIFER CARMONY, *Respondent/Appellee*.

No. 1 CA-CV 20-0362 FC
FILED 6-22-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-094466
The Honorable Joan M. Sinclair, Judge

**VACATED AND REMANDED**

COUNSEL

Eric Hubert, Phoenix
*Petitioner/Appellant*

Defenders of Children, Phoenix
By Nina Joy Edidin, Jami Cornish
*Co-counsel for Respondent/Appellee*

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Co-counsel for Respondent/Appellee*

**OPINION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

H O W E, Judge:

¶1        Eric Hubert ("Father") challenges the family court's ruling declining to exercise jurisdiction under Arizona's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). Father argues that the court erred by not holding a hearing to consider all the factors set forth in A.R.S. § 25–1037(B). We agree and hold that before declining to exercise jurisdiction, a trial court must (1) expressly consider all relevant factors, including the factors listed in A.R.S. § 25–1037(B), and make the necessary factual findings and (2) conduct an evidentiary hearing to resolve relevant factual disputes. We therefore vacate the trial court's order declining jurisdiction and remand for an evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In May 2019, Father petitioned in Arizona seeking a paternity order and joint legal decision-making authority for the parties' minor child. In November 2019, Father sought permission to use alternate service, alleging that Jennifer Carmony ("Mother") had moved to El Paso, Texas, with the child and was avoiding service. He served Mother with the petition in El Paso in November 2019 by said service.

¶3        Father amended his petition in January 2020, seeking sole legal decision-making authority and limited supervised parenting time for Mother. He also requested temporary orders, alleging that Mother had serious mental health issues, had withheld the child from him for over seven months, and might flee to another country. The court entered temporary orders (1) requiring that Mother return the child to Arizona; (2) granting Father sole legal decision-making authority; and (3) granting Mother eight hours of weekly supervised parenting time. The court also set an evidentiary hearing for February 2020.

¶4        Before the hearing, Mother filed in Texas a "Petition in suit affecting the parent-child relationship and request for temporary restraining order" and then moved in Arizona to dismiss Father's petition,

alleging that he had a significant history of domestic violence and had violated an order of protection entered in El Paso. At the February evidentiary hearing, Mother's Texas counsel explained that related matters were pending in a Texas court that raised "possible jurisdiction issues." The family court determined that it had jurisdiction, appointed a best interests attorney for the child, and set a May 2020 trial date. It later entered new temporary orders implementing joint legal decision-making authority and a week-on/week-off parenting time schedule with exchanges to take place in Tucson.

¶5             In April 2020, Father moved to hold Mother in contempt, contending he had not seen the child since August 2019. Before trial, Mother moved on an expedited basis to continue the trial and to change jurisdiction under the UCCJEA. She contended that the matter should be adjudicated in Texas because "Father has engaged in unjustified conduct, has lied on verified pleadings filed with this Court, and Texas is the more convenient forum." Noting that the Texas court had reset a temporary orders hearing for May 2020, Mother also requested that the family court "participate in a Judicial Conference" with the Texas court and "decline and relinquish jurisdiction." While Father opposed Mother's motion, he did not oppose her request that the two courts confer.

¶6             Thereafter, the court ruled that it had "held a UCCJEA conference with a judge in El Paso, Texas relative to jurisdiction over this case." The court stated that

> [t]he Petitioner lives in Arizona and the Respondent and child are now in Texas. Cases have been filed in both states. Despite the fact that the Respondent fled Arizona with the child, there are allegations of domestic violence between the parties and the Petitioner agreed to an order of protection in Texas which included the child. The Petitioner also has criminal charges in Texas. After consultation, both courts agreed that Texas was the most convenient forum to resolve the issues between the parties. Arizona declines jurisdiction over this case.

On these bases, the court vacated trial and its temporary orders and dismissed Father's petition. Father moved for reconsideration and moved for a new trial, but the court denied his motions. Father timely appealed.

**DISCUSSION**

¶7             Father argues that the court erred in declining jurisdiction over the custody matter. A family court may decline to exercise UCCJEA

3

jurisdiction "if it determines that [Arizona] is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." A.R.S. § 25–1037(A). We review the court's ruling on this issue for an abuse of discretion. *Tiscornia v. Tiscornia*, 154 Ariz. 376, 377 (App. 1987) (applying the former Uniform Child Custody Jurisdiction Act). An error of law constitutes an abuse of discretion. *State v. Bernstein*, 237 Ariz. 226, 228, 349 P.3d 200, 202 (2015).

¶8        The parties agree that Arizona is the child's "home state" because paternity was determined in Arizona and that Arizona may therefore exercise jurisdiction under the UCCJEA. A.R.S.§ 25–1031(A); *Welch-Doden v. Roberts*, 202 Ariz. 201, 205 ¶ 15 (App. 2002). Before Arizona can decline jurisdiction, it must determine whether another state's exercise of jurisdiction is appropriate. A.R.S. § 25–1037(B). In doing so, the court shall allow the parties to submit information and shall consider all relevant factors, including:

> 1. Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child.
>
> 2. The length of time the child has resided outside this state.
>
> 3. The distance between the court in this state and the court in the state that would assume jurisdiction.
>
> 4. The relative financial circumstances of the parties.
>
> 5. Any agreement of the parties as to which state should assume jurisdiction.
>
> 6. The nature and location of the evidence required to resolve the pending litigation, including testimony of the child.
>
> 7. The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
>
> 8. The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id*. The above list is not exclusive. *See* Comment to UCCJEA § 207.

¶9        The court also "may communicate with a court in another state concerning a proceeding." A.R.S. § 25–1010(A). The court may, but is

4

not required to, allow the parties to participate in that communication. A.R.S. § 25–1010(B). If the parties do not participate, however, the court must give them an opportunity "to present facts and legal arguments before a decision on jurisdiction is made." *Id.* "Communication between courts on schedules, calendars, court records and similar matters may occur without informing the parties" and "[a] record need not be made of the communication." A.R.S. § 25–1010(C). Otherwise, the court must make a record of the communication, promptly inform the parties of the communication, and grant access to the record. A.R.S. § 25–1010(C), (D).

**¶10** Father argues that consideration of all eight listed factors in A.R.S. § 25–1037(B) is mandatory, citing *Matter of McAndrews*, 193 A.3d 834 (N.H. 2018), and that the court abused its discretion by not considering them before declining to exercise jurisdiction. Mother argues that Father waived this issue by not raising it with the family court. However, Father raised this issue in his motion for reconsideration and his motion for new trial. Furthermore, waiver does not apply in this instance because the child's best interests are at issue. *See, e.g., Nold v. Nold*, 232 Ariz. 270, 273 ¶ 10 (App. 2013) (Waiver does not apply when it conflicts with a child's best interests.).

**¶11** On the merits, Father is correct. Generally, when reviewing a trial court's forum non conveniens determination, we require findings sufficient to show that the court balanced the factors of convenience, regardless whether a statute or court rule obligated the court to make factual findings. *Compare Parra v. Cont'l Tire N. Am., Inc.*, 222 Ariz. 212, 214–15 ¶ 8 (App. 2009) (reviewing the record to determine whether substantial evidence supported the court's dismissal under forum non conveniens where superior court had recited the relevant factors and held oral argument on the motion to dismiss) *with First Nat. Bank & Tr. Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 290 (1971) (noting the "determination cannot be made on a factually incomplete record," where forum non conveniens had not been developed at the trial level).

**¶12** Section 25–1037 is the UCCJEA's forum non conveniens statute. In keeping with the general interpretation of such statutes and common law, A.R.S. § 25–1037 should be interpreted to require that a court make express findings about all relevant factors on the record. The statute uses the phrase "shall consider," which indicate a mandatory intent that all the factors be considered. *See Ins. Co. of N. Am. v. Superior Court In & For County of Santa Cruz*, 166 Ariz. 82, 85 (1990) ("'shall' indicates a mandatory intent by the legislature"). The best evidence that the court has done so is express findings on the record. Express findings facilitate effective

appellate review of the decision to decline jurisdiction. *See Murillo v. Murillo*, 684 S.E.2d 126, 128 (Ga. Ct. App. 2009) (stating that "to ensure that the court's decision-making process was guided by the statutory requirements" the trial court must "make specific findings either in writing or orally on the record demonstrating that the court has considered all [] of the factors").

¶13　　　　Decisions from other jurisdictions support this interpretation of A.R.S. § 25–1037(B). *See Orca Communications Unlimited, LLC v. Noder*, 236 Ariz. 180, 184 ¶ 17 (2014) (in construing a uniform act statute, a court should consider decisions from other jurisdictions). The majority of courts considering the question hold that a trial court must enter findings reflecting its consideration of each of the factors. *See In re Teagan K.O.*, 242 A.3d 59, 72 n.21 (Conn. 2020) (stating that "all relevant factors must be considered in strict compliance with the inconvenient forum provision" of the UCCJEA); *In re Custody of N.G.H.*, 92 P.3d 1215, 1218 (Mont. 2004) ("[T]he law is the UCCJEA, and it requires first that the District Court enter findings regarding why exercising its jurisdiction is inappropriate under the [] factors."); *McAndrews*, 193 A.3d at 841-42 (finding that the trial court's failure to address each specific factor UCCJEA required by was an abuse of its discretion); *Hogan v. McAndrew*, 131 A.3d 717, 724 (R.I. 2016) (stating that the "hearing justice properly referenced each of the eight factors enumerated" in her jurisdictional determination); *Murillo v. Murillo*, 684 S.E.2d 126, 128 (Ga. Ct. App. 2009) (stating that "to ensure that the court's decision-making process was guided by the statutory requirements" the trial court must "make specific findings either in writing or orally on the record demonstrating that the court has considered all [] of the factors"); *Velasquez v. Ralls*, 665 S.E.2d 825, 827 (N.C. Ct. App. 2008) (requiring findings of fact for at least the eight enumerated factors when a court declines jurisdiction); *Meyeres v. Meyeres*, 196 P.3d 604, 609 ¶ 8 (App. Utah 2008) (vacating a juvenile court's order declining jurisdiction without specific findings because it analyzed only a single factor and remanding for additional consideration and findings). Moreover, even those courts that do not require express findings as to each factor still require the court consider all the factors and make "findings that are sufficient to inform the parties of the court's reasoning and sufficient for effective appellate review." *Shanoski v. Miller*, 780 A.2d 275, 280 (Me. 2001); *accord Watson v. Watson*, 724 N.W.2d 24, 34 (Neb. 2006).

¶14　　　　Thus, to maintain uniform interpretation of the UCCJEA, we hold that in Arizona a trial court must consider all factors listed in A.R.S. § 25–1037(B) and any other relevant factor and make appropriate findings on those factors. The failure to address each listed factor and any other

relevant factors under A.R.S. § 25–1037(B) in declining jurisdiction is an abuse of discretion. *See e.g. McAndrews*, 193 A.3d at 841. Here, the court addressed only whether domestic violence had occurred, which constitutes merely part of A.R.S. § 25–1037(B)(1) and is insufficient for effective appellate review.

¶15        Not only did the court err in failing to make express findings, it also erred in failing to conduct an evidentiary hearing on the A.R.S. § 25–1037(B) factors. Due process requires that a court to provide a forum for witness testimony and that it must refrain from resolving matters of credibility on documents alone. *Volk v. Brame*, 235 Ariz. 462, 464 ¶ 2 (App. 2014). Because factual disputes may have existed about the parties' credibility and the enumerated factors in A.R.S. § 25–1037(B), the court needed to conduct an evidentiary hearing to resolve those disputes. *Prizzia v. Prizzia*, 707 S.E.2d 461, 468 (Va. Ct. App. 2011) ("Because it did not allow the parties to present evidence pertaining to the statutory factors, the trial court could not have based its decision on a proper review of those factors.").

¶16        Mother nonetheless contends that the family court's failure to make a record under A.R.S. § 25–1010(D) of its conference with the Texas court analyzing the A.R.S. § 25–1037(B) provisions constituted harmless error, citing *Black v. Black*, 114 Ariz. 282 (1977). In *Black*, the family court conducted an off-the-record interview with the parties' minor children as part of its parenting time determinations. *Id*. at 284. While our supreme court "agree[d] that [the interview] should only have been conducted pursuant to a stipulation between the parties," it found harmless error because it could affirm judgment "apart from any consideration of the . . . interview." *Id*. Here, the order declining jurisdiction cites the court's "consultation" with the Texas court in which they agreed that "Texas was the most convenient forum to resolve the issues between the parties." Given the lack of the A.R.S. § 25–1037(B) findings, however, we cannot affirm the order without considering this consultation. As such, assuming without deciding that the failure to create a proper record under A.R.S. § 25–1010(D) could be deemed harmless error in some cases, it was not harmless error in this case.

¶17        Father also contends that the court should have stayed, rather than dismissed, the case under A.R.S. § 25–1037(C). Indeed, A.R.S. § 25–1037(C) requires the trial court to stay its proceedings when it finds Arizona is an inconvenient forum and that another jurisdiction is a more appropriate forum. S*ee In re S.Y.T.*, 267 P.3d 930, 940 ¶24 (App. Utah 2011) (stating that a court shall stay and not dismiss the case when the court

declines jurisdiction under the UCCJEA's inconvenient forum statute); *see also* Comment to UCCJEA § 207 ("[T]he court may not simply dismiss the action.").

**CONCLUSION**

**¶18** For these reasons, we vacate the order declining jurisdiction and remand for an evidentiary hearing for the court to address the A.R.S. § 25–1037(B) factors and any other relevant factors and to make express findings.



AMY M. WOOD • Clerk of the Court
FILED: AA