**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000593
28-FEB-2022
08:02 AM
Dkt. 118 MO**

NO. CAAP-20-0000593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DL, Plaintiff-Appellant, v.
CL, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-1014)


MEMORANDUM OPINION
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

This appeal arises out of a custody dispute related to divorce proceedings between Plaintiff-Appellant DL (**Father**) and self-represented Defendant-Appellee CL (**Mother**).  Father appeals from the "Order Re:  Joint Evidentiary Hearing of August 28, 2020" (**Order**), entered on September 3, 2020, in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Father contends that:  (1) the Family Court erred in declining to exercise its exclusive, continuing jurisdiction over this case and in relinquishing jurisdiction to the State of Arizona; and (2) the Family Court erred in not addressing Father's request that the court confirm that Father had rebutted any presumption against custody before relinquishing jurisdiction to Arizona.  Father also argues that any further matters in this case should be heard by a different judge.

For the reasons explained below, we vacate the Order.

---

[1]  The Honorable Gale L.F. Ching presided.

## I. Background

This case has a long history. See DL v. CL, No. SCWC-18-0000704, 2022 WL 263219, at *1-4 (Haw. Jan. 28, 2022) (mem. op.) (**DL IV**), aff'g in part and vacating in part No. CAAP-18-0000704, 2021 WL 1614343 (Haw. App. April 26, 2021) (mem. op.). We last summarized the factual and procedural background prior to mid-2018 as follows:

> Father and [Mother] . . . married in 2008. They have two minor children (**Children**). In 2015, Father, Mother, and Children moved from California to Hawaiʻi. They lived in a cottage on Father's parents' property. DL v. CL, 146 Hawaiʻi 415, 417, 463 P.3d 1072, 1074 (2020) (**DL III**).
>
> On July 10, 2016, Mother took Children with her to Arizona due to family abuse by Father. DL III at 417, 463 P.3d at 1074. Mother filed for divorce in Arizona. On August 3, 2016, Father filed for divorce in Hawaiʻi. Mother's Arizona petition was eventually dismissed.
>
> . . . .
>
> The divorce trial began on July 31, 2017, and ended on January 9, 2018. Mother returned to Arizona shortly after the divorce trial ended to start a new job. DL III at 417, 463 P.3d at 1074. Children remained in Hawaiʻi with Father because the family court had not yet ruled on post-decree child custody or relocation.
>
> On March 26, 2018 (before entry of the divorce decree), Father filed a notice of appeal from pre-decree orders awarding Mother sole physical custody of Children and permitting Children's relocation to Arizona. We affirmed. DL v. CL, No. CAAP-18-0000211, 2019 WL 968052 (Haw. App. Feb. 28, 2019) (SDO). Father petitioned for certiorari. The supreme court affirmed. DL v. CL, 146 Hawaiʻi 328, 463 P.3d 985 (2020) (**DL I**).
>
> Meanwhile, the family court entered the **Divorce Decree** on April 26, 2018. The decree: (1) dissolved the marriage; (2) awarded legal custody of the Children jointly to Father and Mother, physical custody solely to Mother (authorizing Children to relocate to Arizona after July 1, 2018),[2] and future child support to Mother; and (3) divided and distributed Father's and Mother's property and debts. . . .
>
> Father then filed a second notice of appeal, from the Divorce Decree and other orders. We affirmed the family court's child custody and support decisions . . . . DL v. CL, No. CAAP-18-0000536, 2019 WL 4934660 (Haw. App. Oct. 7, 2019) (SDO) (**DL II**). Father's petition for writ of certiorari was dismissed. DL v. CL, No. SCWC-18-0000536, 2020 WL 2070350, at *1 (Haw. Apr. 29, 2020).

2021 WL 1614343, at *1-2 (footnote added).

---

[2] The family court also gave Mother "tie breaking authority" over legal custody issues concerning the Children.

As relevant to the present appeal, on July 2, 2020, Father filed a motion to adjust legal and physical custody of the Children (**Motion to Adjust Custody**), along with an ex parte motion to shorten time to hear the motion (**Motion to Shorten Time**).  At that time, the Children were visiting Father in Hawaiʻi.  Father's motion sought a Family Court order "permitting the Children to **remain** with Father in Hawaii, rather than returning to Phoenix, Arizona," based on Father's argument that Phoenix "has become a global epicenter of the coronavirus pandemic and is worsening by the day."

On July 7 and 8, 2020, respectively, Mother filed an opposition and a supplemental opposition to Father's Motion to Shorten Time.  Mother argued that the Family Court lacked jurisdiction to hear Father's Motion to Shorten Time and the underlying Motion to Adjust Custody.  Mother requested that the Family Court "deny Father's . . . Motion to Shorten Time and the Underlying Motion based on the fact that Arizona is now the Children's home state."  Alternatively, Mother requested "that the Hawaii Judge confer with the Arizona judge in order for the judges to decide which state will exercise jurisdiction."

The Family Court heard Father's Motion to Adjust Custody on July 13, 2020.  During the hearing, Mother asserted that "the Hawaii court even lacks jurisdiction to hear this motion[.]"  Mother further asserted that she had registered the Divorce Decree in Arizona, the children had lived in Arizona for two years, the Arizona court had accepted jurisdiction over financial issues, and she had "asked them to accept jurisdiction over custody issues through a motion to modify legal decision making, legal custody, that was filed in October 2019."  Mother requested that the Family Court "send the children home, and dismiss this motion for lack, you know, with leave to refile once jurisdiction is sorted out, whether it's Arizona or Hawaii, but the children have lived in Arizona for over two years."

Father argued that pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (**UCCJEA**), see infra, Hawaiʻi has continuing exclusive jurisdiction.  Father maintained that Mother "has not done anything she needs to do . . . to have

jurisdiction being changed from Hawaii to Arizona. The process isn't just to file in Arizona and then -- and then mention it to you when [Father] files a motion here."

The Family Court expressed concerns about inconsistent decisions and stated, "[W]e now have two Courts involved in this matter, the Hawaii Court and the Arizona Court." The Family Court further stated that it would contact the Arizona court so that "the Court can have a discussion . . . concerning whether or not an evidentiary hearing should be held on jurisdiction. . . ." The Family Court then took the Motion to Adjust Custody under advisement and ordered that "the children will remain in Hawaii until further order of the Court."

On July 29, 2020, the Family Court issued a "Notice Setting Joint Evidentiary Hearing." The notice stated that "a Joint Evidentiary Hearing is scheduled with the Honorable Joseph Kiefer of Maricopa [County], Arizona. . . concerning the issue of Jurisdiction." The notice set deadlines for the parties to file briefs.

On August 3, 2020, Father filed "Plaintiff's Brief Re: 'Issue of Jurisdiction,'" contending that Hawaiʻi has exclusive continuing jurisdiction over custody issues pursuant to the UCCJEA and listing the parties' various motions pending in Hawaiʻi and Arizona courts. Father also set out the children's connections with Hawaiʻi and the fact that Father still resides in Hawaiʻi. After asserting that neither prong of the statutory test for Hawaiʻi "to lose jurisdiction" could be met (see infra), Father argued, "[n]or would it be appropriate for this Court to decline to exercise its jurisdiction over Father's Motion." Father further argued: "No motion has been [made] for this Court to decline to exercise its jurisdiction and to allow Arizona to modify *any* determination made by this Court. And, even if such a motion *had* been made, it would be overwhelmingly inappropriate under the circumstances." Mother did not file a brief or motion in advance of the joint evidentiary hearing.

On August 22, 2020, the Family Court rescheduled the joint evidentiary hearing for August 28, 2020. On August 26, 2020, Father filed a motion for the immediate termination of

4

Mother's tie-breaking authority and to allow the Children to be enrolled in Hawaiʻi school (**Motion to Terminate Tie-Breaking Authority**).[3]

On August 28, 2020, the Family Court held a joint evidentiary hearing with the parties and the Arizona court. At the outset, Father stated, "[I]t's unclear why we are here today and why we are discussing jurisdiction. [Mother] has not filed anything with this Court regarding today's joint evidentiary hearing." Father further stated:

> [I]n response to [Father's] July 13 [sic] motion, which is all about the kids remaining here in Hawaii, [Mother] asked you to not make a decision. But she did not give any valid UCCJEA based reason why you shouldn't make a decision.
>
> So we are here today and being asked to provide evidence in a matter that we have neither read a motion nor have we seen any brief. We don't understand what the issue is that we are arguing today.

Mother replied in part: "In response to Father's motion to change physical and legal custody, I filed two oppositions, and I noted that I --(inaudible) -- as I believe that Arizona now has jurisdiction. And I asked Hawaii to not exercise jurisdiction on that basis."

As to notice, the Family Court concluded:

> The Court's recollection of the last hearing that we had with the parties was that there was a question concerning jurisdiction now that the Court was then informed of Arizona being involved. So the Court did inform everyone that we would be holding an evidentiary hearing with the Arizona court on the question of jurisdiction. So the Court finds that there was adequate notice to everyone.

The evidentiary portion of the hearing proceeded with both Mother and Father testifying. Following testimony, the Family Court and the Arizona court temporarily exited the conference to confer.

After a recess, the Family Court stated:

> The Court has had an opportunity to confer with the Arizona court. The court will make the following orders based on the evidence and the arguments that were presented.

---

[3] It appears Mother had contacted Noelani and Punahou schools to inform them that she did "not consent to the children being registered to attend" and that pursuant to the Divorce Decree, she had "tie-breaking authority for legal decision making so [Father] cannot register them without my consent."

> The Court does not find significant connections with Hawaii at the present time. Based on the evidence, the Court is not going to continue exclusive and continuing jurisdiction in Hawaii. The Court will relinquish jurisdiction and allow Arizona to proceed with this matter with the exception of the one matter dealing with the remand issue on the issue of child support.

The Family Court then denied Father's Motion to Adjust Custody and Motion to Terminate Tie-Breaking Authority, without prejudice to Father refiling the motions in Arizona. The Family Court ordered "that the children be returned immediately to Mother."

Father requested that the Family Court "make a finding in conjunction with your decision today that [Father] does not now pose a danger nor a safety risk to the minor children." The Family Court responded, "the record will -- as it stands will speak for itself." The Family Court then added:

> [I]n addition to the earlier basis and ruling, the Court also does cite [Hawaii Revised Statutes (**HRS**) §] 583A-207, inconvenient forum. The Court also finds that even if the Court were to exercise jurisdiction, that it would be an inconvenient forum under the circumstances and that another court, specifically Arizona, would be a more appropriate forum. So that's incorporated into the Court's ruling.

On September 3, 2020, the Family Court entered the Order. The Order stated, in relevant part:

<u>Findings of Fact [(**FOFs**)]</u>

1. [Father] and [Mother] are the parents of minors . . . (collectively hereinafter "Minor Children").

2. A "Decree Of Divorce" was entered and filed on or about April 26, 2018.

3. The Decree Of Divorce awarded [Father] and [Mother] with joint legal custody with [Mother] having "tie-breaking authority" and [Mother] with sole physical custody of the Minor Children.

4. Since approximately 2018, [Mother] and the Minor Children have been living in Arizona.

5. In approximately, January 2019 [Mother] registered the Hawaii Divorce Decree in the State of Arizona.

6. The Hawaii Appellate Court had affirmed the earlier Family Court's order allowing [Mother] and the Minor Children to relocate to Arizona. . . .

6

7.     [Mother] has a support system in the Arizona area where she resides with the Minor Children as she has relatives that lives [sic] in the same general area.

8.     Since approximately 2018, the Minor Children have been enrolled in and have attended schools located in the Arizona area where [Mother] resides.

9.     The Minor Children have been seen by their Physicians in the Arizona area.

10.    The Minor Children have participated in extra curricular activities in Arizona.

11.    [Mother] is employed as an attorney in Arizona and earns substantial income . . . .

12.    [Father] is a self employed attorney whose income is substantially less than that of [Mother].

13.    The State Of Arizona is determined to be a more convenient venue to now address issues concerning the Parties and the Minor Children.

Based on the Findings Of Fact, the Court makes the following Conclusions Of Law:

### Conclusions Of Law [(**COLs**)]

1.     At present, the State Of Hawaii has jurisdiction over this matter, but the State Of Arizona is determined to be a more appropriate forum to address pending and future issues involving the Parties and the Minor Children.

2.     The State Of Hawaii declines and relinquishes jurisdiction over this matter to the State Of Arizona with the exception of the State Of Hawaii having to address certain issues for final disposition as had been directed by the Hawaii Appellate Courts.

3.     Hawaii is determined to be an inconvenient forum under the circumstances and that the State Of Arizona is found to be a more appropriate forum to address the Parties' present and future issues. See Section 583A-207 of the Hawaii Revised Statutes.

Based on the above Findings Of Facts and Conclusions Of Law, the Court makes the following Orders:

1.     The State Of Hawaii declines to exercise jurisdiction over this matter and relinquishes jurisdiction over to the State Of Arizona, and

2.     The State Of Arizona shall assume jurisdiction over this matter with the exception of the State Of Hawaii Courts having to address certain issues for final disposition as earlier directed by the Hawaii Appellate Courts.

(Footnotes omitted.)  This appeal followed.

## II. Discussion

Father contends that the Family Court erred in declining to exercise its jurisdiction over this case and in relinquishing jurisdiction to the State of Arizona. Father argues in part that Hawaiʻi has exclusive continuing jurisdiction over its child custody orders, pursuant to HRS § 583A-202(a), and the Family Court failed to consider all relevant factors and to make sufficient findings, pursuant to HRS § 583A-207, to support the court's decision to decline jurisdiction.

The UCCJEA "governs jurisdictional issues that arise in interstate child custody proceedings and is codified in Hawaiʻi in HRS chapter 583A." MJ v. CR, 150 Hawaiʻi 23, 30, 496 P.3d 501, 508 (App. 2021) (quoting NB v. GA, 133 Hawaiʻi 436, 440, 329 P.3d 341, 345 (App. 2014)). As relevant here, HRS § 583A–202 (2018) provides, in relevant part:

> (a) Except as otherwise provided in section 583A–204, a court of this State which has made a child-custody determination consistent with section 583A–201 or 583A–203 has exclusive, continuing jurisdiction over the determination until:
>
> (1) A court of this State determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or
>
> (2 A court of this State or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State.

The parties do not dispute that the Family Court made child-custody determinations in the underlying divorce proceeding consistent with HRS § 583A-201. The Family Court thus had exclusive, continuing jurisdiction over those determinations when Father filed motions seeking to modify them during the summer of 2020. Indeed, the Family Court correctly acknowledged its jurisdiction in COL 1. This jurisdiction would continue "until the Family Court explicitly declined jurisdiction or none of the parties remained in Hawaiʻi." NB, 133 Hawaiʻi at 442, 329 P.3d at 347 (citing Beam v. Beam, 126 Hawaiʻi 58, 60–61, 266 P.3d 466, 468–69 (App. 2011) ("When a Hawaiʻi court properly asserts

8

jurisdiction and makes an initial child custody determination, that court retains 'exclusive, continuing jurisdiction over the determination.'" (quoting HRS § 583A-202))).

The Order makes clear that the Family Court declined jurisdiction "over this matter" based on the court's determination, pursuant to HRS § 583A-207, that Hawaiʻi is an "inconvenient forum."[4]  The court expressly referenced section 583A-207 in COL 3.  In contrast, the court made no reference to HRS § 583A-202 in the Order, and did not include necessary findings to support a determination that the court no longer had jurisdiction under parts (1) or (2) of that section.

HRS § 583A-207 (2018) states, in relevant part:

> (a) A court of this State which has jurisdiction under this chapter to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.  The issue of inconvenient forum may be raised upon the motion of a party, the court's own motion, or request of another court.
>
> (b) Before determining whether it is an inconvenient forum, a court of this State shall consider whether it is appropriate for a court of another state to exercise jurisdiction.  For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:
>
> (1)  Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2)  The length of time the child has resided outside this State;
>
> (3)  The distance between the court in this State and the court in the state that would assume jurisdiction;
>
> (4)  The relative financial circumstances of the parties;
>
> (5)  Any agreement of the parties as to which state should assume jurisdiction;
>
> (6)  The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7)  The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

---

[4]    "[A] trial court's written order controls over its oral statements."  State v. Milne, 149 Hawaiʻi 329, 335, 489 P.3d 433, 439 (2021).

> (8)     The familiarity of the court of each state with the facts and issues in the pending litigation; and
>
> (9)     The physical and psychological health of the parties.

"A family court's decision to decline jurisdiction [under HRS § 583A-207] is reviewed for abuse of discretion."  <u>NB</u>, 133 Hawaiʻi at 444, 329 P.3d at 349 (citing <u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006)).  In <u>NB</u>, we concluded that we could not properly determine whether the family court abused its discretion in declining jurisdiction, where the court had not made findings regarding any of the factors listed in HRS § 583A-207(b).  <u>Id.</u>  We explained in <u>NB</u>:

> The language of Section 207 states that a court "shall consider all relevant factors" and "allow the parties to submit information".  [HRS] § 583A-207(b).  Numerous other jurisdictions have held that where a court declines jurisdiction without considering all of the statutory factors in its equivalent of subsection (b) of Section 207, or allowing the parties to present facts or arguments, it constitutes an abuse of discretion.

<u>Id.</u> (citing several cases); <u>see also</u> <u>In re McAndrews</u>, 193 A.3d 834, 841 (N.H. 2018) ("The trial court's failure to provide a meaningful analysis of the factors that it relied upon in reaching its conclusion and its failure to address each specific factor required by the UCCJEA are untenable and unreasonable to the prejudice of the petitioner's case, and, therefore, its decision that Indiana is the more convenient forum constitutes an unsustainable exercise of its discretion."); <u>Hubert v. Carmony</u>, 494 P.3d 592, 595, 596 (Ariz. Ct. App. 2021) (stating that Arizona's equivalent of HRS § 583A-207, "should be interpreted to require that a court make express findings about all relevant factors on the record" and holding that failure to address each factor constitutes an abuse of discretion); <u>Goode v. Sandoval</u>, 98 N.Y.S.3d 332, 334 (N.Y. App. Div. 2019) (stating that "[a] court's failure to consider the statutory factors is an improvident exercise of discretion" and remanding where the "Family Court failed to delineate the factors it considered in determining that New York was an inconvenient forum.").

Here, as in NB, the Family Court made no findings regarding any of the factors listed in HRS § 583A-207(b). At the conclusion of the August 28, 2020 joint evidentiary hearing, the Family Court simply stated: "[I]n addition to the Court's earlier ruling, the Court incorporates [HRS] 583A-207, finding that this Hawaii court would not be a convenient forum under the circumstances and that another court, specifically Arizona, would be a more appropriate forum." The court's subsequent Order includes FOFs that may bear on some of the statutory factors, but the Order does not address "all relevant factors" and fails to identify the factors that the court relied on in declining jurisdiction under HRS § 583A-207. On this record, we cannot properly determine whether the Family Court abused its discretion in declining to exercise jurisdiction over its child custody determinations and in relinquishing jurisdiction to the State of Arizona. See NB, 133 Hawaiʻi at 444, 329 P.3d at 349; see also In re Elaine Emma Short Revocable Living Tr. Agreement, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020) ("[W]hen the lower court has failed to issue the requisite findings of fact to enable meaningful appellate review, it is not the function of the appellate court to conduct its own evidentiary analysis." (citing Goo v. Arakawa, 132 Hawaiʻi 304, 317, 321 P.3d 655, 668 (2014))).

Morever, it is not clear what the Family Court intended in declining to exercise jurisdiction, and in relinquishing jurisdiction to Arizona, "over this matter," with the exception of "certain issues for final disposition as had been directed by the Hawaii Appellate Courts." (Footnote omitted.) The UCCJEA governs jurisdictional issues that arise in interstate child-custody proceedings, and HRS § 583A-207 authorizes a court with jurisdiction to make a "child-custody determination"[5] to decline to exercise its jurisdiction if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. To the extent that

---

[5] "Child-custody determination" is defined as "a judgment, decree, or other order of a court providing for legal custody, physical custody, or visitation with respect to a child. The term includes a permanent, temporary, initial, and modification order. The term does not include an order relating to child support or other monetary obligation of an individual." HRS § 583A-102 (2018).

11

the Family Court declined to exercise jurisdiction over issues in the underlying divorce proceeding that do not involve the court's child-custody determinations, the court did not identify the authority supporting its decision. For this additional reason, we cannot properly determine whether the Family Court abused its discretion in declining to exercise jurisdiction "over this matter."

Accordingly, we vacate the Order in its entirety and remand the case for proceedings consistent with this Memorandum Opinion.[6] Given our conclusion, we do not reach the remaining issues raised by Father in his first and second points of error. Father's request that this case be remanded to a different judge is denied.

For the reasons discussed above, we vacate the "Order Re: Joint Evidentiary Hearing of August 28, 2020," entered on September 3, 2020, in the Family Court of the First Circuit, and remand the case to the Family Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, February 28, 2022.

| | |
|---|---|
| | /s/ Clyde J. Wadsworth |
| On the briefs: | Presiding Judge |
| | |
| Philip J. Leas | |
| (Cades Schutte LLP) | /s/ Karen T. Nakasone |
| for Plaintiff-Appellant. | Associate Judge |
| | |
| Crystal Waitkus, | |
| Self-represented Defendant- | /s/ Sonja M.P. McCullen |
| Appellee. | Associate Judge |

---

[6] It is not apparent from the record precisely what matters remain to be decided by the Family Court. Father's Motion to Adjust Custody and Motion to Terminate Tie-Breaking Authority were denied without prejudice to his refiling them in the Arizona court. On appeal, Father does not appear to challenge the denial of these motions; indeed, he asserts that the motions are "effectively moot." Nevertheless, to the extent matters concerning the Family Court's custody determinations are still pending before the Family Court, or will arise in the future, our decision to vacate the Order is without prejudice to the issue of inconvenient forum being raised upon the motion of a party, the court's own motion, or request of another court, as provided in HRS § 583A-207.