**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000312
23-NOV-2011
07:45 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

CATINA LOUISE BEAM, nka Catina Louise Stefanik,
Plaintiff-Appellant,
v.
BRUCE WOODFORD BEAM,
Defendant-Appellee

NO. CAAP-11-0000312

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-0232)

NOVEMBER 23, 2011

NAKAMURA, C.J., FOLEY AND REIFURTH, JJ.


OPINION OF THE COURT BY FOLEY, J.


Plaintiff-Appellant Catina Louise Beam, now known as Catina L. Stefanik, (Stefanik) appeals from the "Order Denying Motion to Vacate Order of October 13, 2009" (Order) filed on March 2, 2011 and the "Findings of Fact, Conclusions of Law, Order" (FOFs/COLs/Order) filed on May 4, 2011 in the Family Court of the First Circuit[1] (family court). In its Order, the family court denied Stefanik's "Motion to Vacate Order of October 13, 2009" (Motion to Vacate) "based upon lack of jurisdiction which

---

[1] The Honorable Michael K. Tanigawa presided.

resides [with] the court in Louisiana" and in its FOFs/COLs/Order, the court dismissed the motion.

On appeal, Stefanik contends the family court erred when it dismissed her Motion to Vacate for lack of jurisdiction.

I.

On February 23, 2007, the family court[2] entered the "Decree Granting Absolute Divorce and Awarding Child Custody" (Divorce Decree), dissolving the marriage between Stefanik and Defendant-Appellee Bruce Woodford Beam (Beam). The family court (1) awarded Stefanik and Beam joint legal custody of their two children (the Children), (2) awarded Stefanik physical custody of the Children, subject to Beam's rights of reasonable visitation, (3) awarded monthly child support of $1,520 and temporary monthly spousal support of $2,500 to Stefanik, and (4) divided and distributed Stefanik's and Beam's property and debts.

On August 1, 2008, Beam filed a post-decree motion (Custody Motion) for the family court to award him temporary sole legal and physical custody of the Children. Pursuant to family court orders entered August 25, 2008 and October 24, 2008,[3] the family court awarded temporary sole legal and physical custody of the Children to Beam and limited Stefanik to supervised visits. The family court suspended child support payments to Stefanik and ordered her to refund any child support payments received for the second half of August 2008 and for any months thereafter.

On July 27, 2009, Stefanik filed a post-decree motion for unsupervised visitation (Visitation Motion).

On September 14 and 15, 2009, the family court[4] heard the two motions. On October 13, 2009, the family court entered its "Order Re: 1) [Beam's] Motion and Affidavit for Post-Decree

---

[2] The Honorable Christine E. Kuriyama issued the divorce decree.

[3] The Honorable R. Mark Browning presided at both hearings.

[4] The Honorable Jennifer L. Ching presided and entered the October 13, 2009 Order.

Relief, filed on August 1, 2008; and 2) [Stefanik's] Motion for Unsupervised Visitation, filed on July 27, 2009" (October 13, 2009 Order). The family court awarded Beam sole physical custody of the Children, awarded Beam and Stefanik joint legal custody of the Children, and granted Stefanik's request for unsupervised visitation.

Stefanik filed a notice of appeal from the October 13, 2009 Order. On November 15, 2010, this court entered a Memorandum Opinion in No. 30169[5] affirming the October 13, 2009 Order. Beam v. Beam, No. 30169, 2010 WL 4609356 (App. Nov. 15, 2010) (mem).

On December 21, 2010, Beam and Stefanik, by mutual consent, submitted to the jurisdiction of the State of Louisiana.[6] The 22nd Judicial District Court for the Parish of St. Tammany[7] (Louisiana Court), in Case No. 2009-17379, entered a Consent Judgment, which modified[8] the October 13, 2009 Order. The Louisiana court granted joint legal custody of the Children to Stefanik and Beam and awarded Stefanik physical custody, with reasonable visitation rights for Beam. The Louisiana court "further ordered, adjudged, and decreed that as long as one party resides in Louisiana, [the Louisiana Court] shall retain exclusive jurisdiction regarding the custody and support of the [C]hildren."

On January 19, 2011, in Hawai'i, Stefanik filed the Motion to Vacate. Stefanik argued that the Louisiana Consent

---

[5] (Foley and Ginoza, JJ.; Nakamura, C.J., dissenting separately).

[6] Over the course of the various legal proceedings, Stefanik, Beam, and the Children moved from Hawai'i. At the time Stefanik and Beam entered into the Consent Judgment, Beam and the Children had lived in Louisiana since April 15, 2009 and Stefanik had lived on the mainland United States since March 3, 2007.

[7] The Honorable Mary C. Devereaux presided.

[8] "'Modification' means a child-custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination." HRS § 583A-102 (2006 Repl.).

3

Judgment rendered the October 13, 2009 Order "void" and "erroneous" and, as such, she should not be required to pay child support due for the period from October 13, 2009 until the return of the Children to her on December 21, 2010.

On March 2, 2011, the family court denied Stefanik's Motion to Vacate for lack of jurisdiction. On May 4, 2011, the family court entered its FOFs/COLs/Order, dismissing Stefanik's motion. In its Conclusions of Law, the family court concluded it lacked jurisdiction to hear this case:

> 2. Pursuant to the Louisiana [Consent Judgment], Louisiana courts took exclusive jurisdiction over issues pertaining to the custody and support of the [C]hildren with the consent of both [Stefanik] and [Beam]. The Louisiana courts had exclusive jurisdiction over issues pertaining to the custody and support of the [C]hildren at the time of the filing and hearing on the Motion to Vacate.
>
> 3. This court is without jurisdiction to grant [Stefanik] the relief sought by the Motion to Vacate and, as long as either party resides in Louisiana, any further relief must be obtained from the courts in Louisiana.

Stefanik timely appealed.

## II.

> The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005) (quoting Amantiad v. Odum, 90 Hawaiʻi 152, 158-59, 977 P.2d 160, 166-67 (1999)).

## III.

To determine jurisdiction in interstate child custody proceedings, we look to the Uniform Child Custody Jurisdiction and Enforcement Act (1997) (UCCJEA)[9] drafted by the National

---

[9] The UCCJEA with Prefatory Note and Comments is found at http://www.law.upenn.edu/bll/archives/ulc/fnact99/1990s/uccjea97.htm.

Conference of Commissioners on Uniform State Laws, July 25-August 1, 1997, and enacted by the Hawai'i Legislature in 2002 as Hawaii Revised Statutes (HRS) Chapter 583A.[10]  When a Hawai'i court properly asserts jurisdiction and makes an initial child custody determination,[11] that court retains "exclusive, continuing jurisdiction over the determination."  HRS § 583A-202 (2006 Repl.).  The court's exclusive jurisdiction continues until one of two events occurs:

> (1)  A court of this State determines that the child, the child's parents, and any person acting as a parent do not have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or
>
> (2)  A court of this State or <u>a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this State</u>.

HRS § 583A-202(a)[12] (emphasis added).

The family court properly asserted initial jurisdiction when it issued the February 23, 2007 Divorce Decree and made its child custody determination, awarding physical custody of the Children to Stefanik.  At the time the parties commenced divorce proceedings, they resided in Hawai'i.

---

[10]  Pursuant to Act 124, effective January 1, 2003, HRS Chapter 583, Hawai'i's Uniform Child Custody Jurisdiction Act of 1968, was repealed and replaced by HRS Chapter 583A, Hawai'i's Uniform Child-Custody Jurisdiction and Enforcement Act of 1997.  2002 Haw. Sess. Laws Act 124, §§ 1 & 2 at 335-48.

[11]  HRS § 583A-201 (2006 Repl.) provides, in relevant part:

> §583A-201  Initial child-custody jurisdiction.  (a) Except as otherwise provided in section 583A-204, a court of this State has jurisdiction to make an initial child-custody determination only if:
>
> > (1)  This State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State[.]

[12]  The language in HRS § 583A-202(a)(1) & (2) tracks the language in UCCJEA § 202.

The family court's jurisdiction did not automatically end once Stefanik, Beam, and the Children moved out of state. In re Lewin, 149 S.W.3d 727, 736 (Tex. Ct. App. 2004) ("A court's exclusive continuing jurisdiction does not vanish immediately once all the parties leave the state."). As explained in section 2 of the Comment to § 202 of the UCCJEA:

> Jurisdiction attaches at the commencement of a proceeding. If State A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the State prior to the conclusion of proceeding. State B would not have jurisdiction to hear a modification unless State A decided that State B was more appropriate under Section 207.

(Emphasis added.) Jurisdiction remains with the home state until the home state or another state determines that the exclusive continuing jurisdiction of the home state has ended. UCCJEA § 202; HRS § 583A-202; State of New Mexico ex rel. Children, Youth & Families Dep't v. Donna J., 129 P.3d 167, 171 (N.M. Ct. App. 2006) ("[T]he UCCJEA language specifically requires action by either the home or another state before exclusive, continuing jurisdiction in the home state ceases."). Section 2 of the Comment explains in relevant part:

> If the child, the parents, and all persons acting as parents have all left the State which made the custody determination prior to the commencement of the modification proceeding, considerations of waste of resources dictate that a court in State B, as well as a court in State A, can decide that State A has lost exclusive, continuing jurisdiction.

(Emphasis added.)

The family court retained exclusive and continuing jurisdiction after the parties moved away from Hawai'i because the child custody modification proceeding initiated by Beam's Custody Motion was still pending. See Beam v. Beam, supra. The October 13, 2009 Order and this court's subsequent November 15, 2010 Memorandum Opinion affirming the October 13, 2009 Order ended all modification proceedings.

In December 2010, in Louisiana, Stefanik and Beam initiated proceedings to modify the October 13, 2009 Order. On

December 21, 2010, the Louisiana Court modified the October 13, 2009 Order regarding child custody. Both parties consented to the jurisdiction of the Louisiana Court. According to the Consent Judgment, Stefanik lived in Alabama and Beam lived in Louisiana. The Louisiana court determined it had exclusive jurisdiction regarding custody and support of the Children and its jurisdiction would continue "as long as one party resides in Louisiana."[13]

In its FOFs/COLs/Order, the family court correctly concluded that Hawai'i no longer had exclusive, continuing jurisdiction because Louisiana "took exclusive jurisdiction over issues pertaining to the custody and support of the [C]hildren with the consent of both [Stefanik] and [Beam]." Because Hawai'i no longer had jurisdiction, the family court had no authority to modify the October 13, 2009 Order.

## IV.

The "Order Denying Motion to Vacate Order of October 13, 2009" filed on March 2, 2011 and the "Findings of Fact, Conclusions of Law, Order" filed on May 4, 2011 in the Family Court of the First Circuit are affirmed.

On the briefs:

Catina Louise Beam, nka
Catina Louise Stefanik,
Plaintiff-Appellant pro se.

Bruce Woodford Beam,
Defendant-Appellee pro se.

*Craig H. Nakamura*

*Daniel R. Foley*

*Lawrence M. Reifurth*

---

[13] HRS § 583A-202(b) is not in issue in this case and did not provide the family court with jurisdiction over the Motion to Vacate.