Matter of Montanez v Tompkinson (2018 NY Slip Op 08305)





Matter of Montanez v Tompkinson


2018 NY Slip Op 08305


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02950
 (Docket No. V-12589-17)

[*1]In the Matter of Mario Montanez, appellant,
v
Dara Tompkinson, respondent.


Mark Brandys, New York, NY, for appellant.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated February 26, 2018. The order declined jurisdiction over the proceeding on the ground that New York is an inconvenient forum and stayed the proceeding pending the reopening of the mother's custody proceeding in the Family Court of the First Circuit in Hawaii.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The subject child was born in New York in May 2016. In early February 2017, the mother moved to Hawaii with the child after the father allegedly perpetrated acts of domestic violence against her in the child's presence. On February 7, 2017, the Administration for Children's Services commenced a neglect proceeding against the father in Family Court, Kings County. The mother sought a temporary order of protection in the Family Court in the First Circuit of Hawaii (hereinafter the Hawaii Court) several weeks later.
On May 3, 2017, the father commenced the instant custody proceeding in New York, but, despite several attempts, was unable to serve the mother until December 2017. On August 24, 2017, the mother commenced a child custody proceeding in the Hawaii Court, and the Hawaii Court, unaware of either the neglect petition or the father's custody petition in New York, and upon the father's default, awarded the mother sole legal and physical custody, in addition to child support. The neglect petition pending in New York was settled on January 19, 2018, at which time the Family Court learned of the Hawaii proceeding. The Family Court conferred with the Hawaii Court, and learned that, when the Hawaii Court issued its orders, it had only been aware of a criminal proceeding against the father, and that it was unaware of the neglect and custody proceedings in New York. Additionally, the Hawaii Court informed the Family Court that the "the father was personally served with the mother's paternity and custody petition." After conducting further proceedings and accepting written submissions, the Family Court declined to exercise its jurisdiction on the ground that New York is an inconvenient forum and that Hawaii is a more appropriate forum (see Domestic [*2]Relations Law § 76-f). In determining that Hawaii was a more appropriate forum, the Family Court speculated that since the Hawaii Court was not aware of the proceedings in New York when it issued its default orders determining issues of paternity, child support, custody, and parental access, the Hawaii Court would "likely entertain an application by the father to vacate his default, and then proceed on the merits of the mother's petition." The Family Court issued a stay of the father's custody proceeding "pending the reopening of the mother's custody proceeding in Hawaii." The father appeals.
Both New York and Hawaii have adopted the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), which was, among other things, "designed to eliminate any jurisdictional competition between courts and strengthen jurisdictional certainty in child custody proceedings" (Matter of Felty v Felty, 66 AD3d 64, 69; see Matter of Michael McC. v Manuela A., 48 AD3d 91, 95; Stocker v Sheehan, 13 AD3d 1, 4; see also HRS § 583A-201). Under the Domestic Relations Law, a state may have jurisdiction over a child custody proceeding if "th[e] state is the home state of the child" (Domestic Relations Law § 76[1][a]; see Matter of Felty v Felty, 66 AD3d at 70). "A [h]ome [s]tate is defined as the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Matter of Felty v Felty, 66 AD3d at 70 [internal quotation marks omitted]; see Domestic Relations Law § 75-a[7]). A child neglect proceeding is encompassed within the definition of a child custody proceeding (see Domestic Relations Law § 75-a[4]). Thus, as recognized by the Family Court, the child's home state is New York.
A court of this state which has jurisdiction under the UCCJEA "may decline to exercise it if it finds that New York is an inconvenient forum and that a court of another state is a more appropriate forum" (Matter of Hassan v Silva, 100 AD3d 753, 754 [emphasis added]; see Domestic Relations Law art 5-A; Domestic Relations Law § 76-f[1]). "The issue of inconvenient forum dismissal is addressed to Family Court's discretion after consideration of the statutory factors" (Matter of Hissam v Mancini, 80 AD3d 802, 803), as set forth in Domestic Relations Law § 76-f(2).
Here, we find that, given the substance of its discussions with the Hawaii Court, the Family Court's determination to engage in an inconvenient forum analysis under Domestic Relations Law § 76-f(1) was an improvident exercise of discretion. Since New York was the child's home state pursuant to the UCCJEA, the Hawaii Court lacked subject matter jurisdiction to make determinations on the mother's child custody petition (see e.g. Beam v Beam, 126 Hawai'i 58, 266 P3d 466). When the Family Court conferred with the Hawaii Court, the Hawaii Court informed the Family Court that the father was personally served with the mother's custody petition, which suggested that the Hawaii Court determined that it had personal jurisdiction over the father. But, having been informed of the facts establishing that New York was the child's home state, the Hawaii Court did not acknowledge its own lack of subject matter jurisdiction to have issued orders regarding child custody (see e.g. W.P. v M.S., 141 Hawai'i 246, 407 P3d 1282). "A judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived" (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523). In the absence of any indication that the Hawaii Court vacated those orders, the Family Court should not have determined that the Hawaii Court was a more appropriate forum. Indeed, the father did not participate in any of the proceedings in Hawaii and there was no certainty that Hawaii would permit the father to not only reopen the hearings previously held in order to submit his own testimony and evidence, but also, that he would be given an opportunity to challenge the evidence already submitted, including to cross-examine the mother.
Moreover, Domestic Relations Law § 76-f(3) provides that "[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state and may impose any other condition the court considers just and proper" (emphasis added). The statute, on its face, presumes that a child custody proceeding will be commenced in the designated state, not that there already have been child custody proceedings conducted in that state. Here, the Family Court stayed the father's custody proceeding "pending the reopening of the mother's custody proceeding in Hawaii" (emphasis added). Merely [*3]reopening the mother's custody proceeding in Hawaii does not ensure that the father will not be prejudiced by the evidence previously received in Hawaii without his participation.
Therefore, the Family Court should not have declined to exercise jurisdiction and designated Hawaii as a more appropriate forum without first being assured by the Hawaii Court that all of its prior orders issued without subject matter jurisdiction were vacated. Further, any stay of the father's New York custody proceeding should have been upon the condition that child custody proceedings be promptly recommenced in Hawaii such that all parties would have the opportunity to be heard in a hearing de novo (see Domestic Relations Law § 76-f[3]).
Contrary to the father's contention, the Family Court complied with Domestic Relations Law § 75-i in its communications with the Hawaii Court. The Family Court properly contacted the Hawaii Court after learning of the proceedings conducted there, informed the parties of the communication, and provided them the opportunity to present facts and arguments before making a decision on jurisdiction (see Domestic Relations Law § 75-i[2], [4]; Matter of Frankel v Frankel, 127 AD3d 1186, 1188). The court complied with the statutory mandate to make a record of the communication, defined as "information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form" (Domestic Relations Law § 75-i[5]). Contrary to the father's contention, that requirement may be satisfied by "a memorandum or an electronic record made by a court after the communication" (Comment, Uniform Child Custody Jurisdiction and Enforcement § 110 [1997]). The Family Court properly made a record of the communication by describing it on the record before the parties and answering the parties' questions about the discussion in open court.
The father's remaining contention is without merit.
Accordingly, we remit the matter to the Family Court, Kings County, inter alia, to determine whether New York is an inconvenient forum and whether Hawaii is a more appropriate forum.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court