Filed 3/20/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| C.T.,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>    Respondent;<br><br>K.W.,<br><br>    Real Party in Interest. | A171160<br><br>(San Francisco County Super. Ct. No. FDV-19-814465) |

In this writ proceeding, petitioner C.T. challenges the trial court's refusal to relinquish jurisdiction over this child custody dispute under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Family Code,[1] § 3400 et seq.). C.T. broadly contends that the trial court lost exclusive, continuing jurisdiction to adjudicate any child custody or visitation issues under section 3422, subdivision (a)(2) (section 3422(a)(2)) because C.T. and his son relocated while the case was pending and the court determined that neither the child, C.T., nor K.W. presently resides in California.

We conclude that neither C.T.'s relocation with the parties' son, nor the court's finding under section 3422(a)(2), divested the court of jurisdiction to

---

[1] All further statutory references are to the Family Code unless otherwise specified.

make orders as to child custody and visitation proceedings that were pending before the court determined that the relevant parties no longer reside in California. The filing by which this action was initiated in 2019 commenced this long-running dispute, and that original request has remained unresolved for an unusually long period of time without a final custody and visitation determination. The trial court properly acquired jurisdiction over this original proceeding at commencement (§§ 3421, subd. (a)(1), 3422), long before C.T.'s relocation, and the court's August 2024 finding under section 3422(a)(2) that the parties and their child do not presently reside in California did not terminate the court's jurisdiction over this still-pending original proceeding. The trial court here undeniably has jurisdiction to finally determine C.T.'s and K.W.'s respective custody and visitation rights to their son — the matters put at issue by C.T.'s 2019 filing — in this original proceeding. We therefore deny C.T.'s requested writ.

## BACKGROUND

The parties' son was born in November 2018. (*C.T. v. K.W.* (2021) 71 Cal.App.5th 679, 681.) Immediately thereafter, K.W. caused a child support action to be filed by the local child support agency in Los Angeles Superior Court, and that case ended in a stipulated judgment. (*Ibid.*)

In February 2019, C.T. brought this action in San Francisco Superior Court seeking a domestic violence restraining order against K.W. based on conduct that also led to the filing of criminal charges against K.W. by the San Francisco District Attorney. (*C.T. v. K.W., supra*, 71 Cal.App.5th at p. 681.) In his request seeking the restraining order, C.T. also sought sole legal and physical custody of the parties' son. (*Ibid.*)

In March 2019, the San Francisco Superior Court issued an amended temporary restraining order awarding C.T. sole legal and physical custody of

2

the child.  (*C.T. v. K.W.*, *supra*, 71 Cal.App.5th at p. 682.)  At that time, the trial court made a determination that California was the child's home state (§ 3421, subd. (a)(1)) based on C.T.'s residence and information that K.W. provided in the child's birth certificate stating that her home address was in Los Angeles, California.  (*C.T. v. K.W.* (June 29, 2021, A158691) [nonpub. opn.].)  This home state determination was found to be binding on appeal.  (*Ibid*.)  C.T. and the child lived thereafter in California, and the parties continued litigating this case.

In October 2022, the trial court granted C.T. a five-year domestic violence restraining order against K.W.  At the same time, the court continued temporary orders giving C.T. sole legal and physical custody of the parties' child.

In September 2023, the court set C.T.'s request to terminate K.W.'s visitation for a long cause hearing.  This hearing was continued and eventually set for July 2024.

In April 2024, C.T. filed a motion on shortened time requesting to relocate with the child to Denmark for a job opportunity starting in May 2024.  K.W. requested that a long cause hearing take place before the court ruled on C.T.'s relocation request, and she asked for a custody evaluation.

The trial court held a hearing on C.T.'s request on April 25, 2024, and took the matter under submission.

Four days later, K.W. filed a Request for Order seeking joint legal custody of the child, a hearing to rebut the section 3044 presumption[2], and additional parenting time.

On May 2, 2024, the trial court issued a written order granting C.T.'s request to relocate, which it amended to correct a typo on May 9, 2024 (the move-away order). After making clear that it had not yet issued a final or permanent custody order, the trial court determined that it would be in the child's best interests to remain in C.T.'s sole physical and legal custody and relocate with his father to Denmark.

In the move-away order, the trial court also addressed visitation pending an upcoming July 2024 evidentiary hearing on C.T.'s request to terminate K.W.'s visitation and K.W.'s newly-filed request to rebut the section 3044 presumption. The trial court ordered interim therapeutic visitation for K.W. in California or Denmark, with C.T. to provide a list of acceptable foreign providers. The court set a June 11, 2024 hearing to "confirm and order the visitation schedule," and set a schedule for briefing and updated income and expense declarations (so the court could consider cost allocation should C.T. elect to have visitation in Denmark).

Finally, the move-away order granted K.W.'s request for a custody evaluation: "The Court orders a full custody evaluation, investigation, and assessment addressing all issues related the child's health, safety, welfare,

---

[2] Where a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody, there is a rebuttable presumption that an award of sole or joint physical or legal custody of the child to the person who perpetrated domestic violence is detrimental to the best interest of the child. (§ 3044, subd. (a).)

4

and best interests.  The evaluation shall include recommended custody orders and a proposed parenting plan."  The trial court set the hearing date for July 24, 2024, to consider all evidence, including the custody evaluation, relevant to C.T.'s request to terminate visitation and K.W.'s requests for joint legal custody, to rebut the 3044 presumption, and parenting time.

On June 7, 2024, the maternal grandparents sought to obtain visitation with the child through a request for joinder and a Request for Order.

On June 21, 2024, C.T. filed an ex parte application requesting that the trial court determine under section 3422(a)(2) that neither the child, C.T., or K.W. "presently resides" in California, and therefore the court no longer had subject matter jurisdiction over custody or visitation matters.  C.T. submitted a supporting declaration dated June 19, 2024 stating that he and C.T. "are now" residents of Denmark, he and the child had been living in Denmark since June 3, 2024, and K.W. lived in Utah.  The trial court denied the ex parte request and set the matter for hearing on August 1, 2024.

The trial court heard arguments from both parties at the August 1, 2024 hearing.  The court found on the record that "neither the child, the child's parents, nor any person acting as a parent presently resides in California," and the court thereafter issued an August 14, 2024 Findings and Order After Hearing (the August 2024 FOAH) wherein it made a written finding "that the [c]hild, the [c]hild's [p]arents and any [p]erson [a]cting as a [p]arent do not presently reside in California" (collectively, the section 3422(a)(2) determination).  The court nonetheless concluded that it had "continuing jurisdiction over this case."

C.T. filed the instant petition for writ of mandate and request for a stay challenging the August 2024 FOAH.  He seeks a writ "finding that [r]espondent court improperly found that it retains continuing jurisdiction to

5

make custody and visitation orders after it found, pursuant to [section 3422(a)(2)], that neither the child nor the parents nor anyone acting as a parent presently reside in California, and compelling the [r]espondent court to vacate that finding and instead enter a new order finding that California no longer has exclusive, continuing jurisdiction over custody and visitation of the minor child, and in fact lacks subject matter jurisdiction under the UCCJEA to make or modify custody and visitation orders." This court stayed proceedings in the trial court and subsequently issued an order to show cause why the relief requested should not be granted.[3] K.W. filed a return, and C.T. filed a reply.[4]

## DISCUSSION

The UCCJEA provides the exclusive means for determining the proper forum and subject matter jurisdiction for child custody proceedings involving other jurisdictions. (§§ 3421, 3405, subd. (a) [foreign countries treated as states under jurisdiction rules]; *In re J.W.* (2020) 53 Cal.App.5th 347, 355 (*In*

---

[3] We modified the stay to allow the trial court to adjudicate any unresolved applications to modify visitation that were filed prior to August 1, 2024, and granted the trial court authority during the pendency of this writ proceeding to enforce visitation orders in effect as of August 1, 2024. We have now vacated our stay by a separate order filed concurrently with this opinion, and we accordingly deny as moot C.T.'s most recent request for clarification regarding the scope of the stay as it relates to a section 3427 motion he sought to file. Should he desire to do so, C.T. is free to file a motion under section 3427 on remand, and we express no opinion as to how the trial court should weigh the factors it must consider in deciding such a motion. (§ 3427, subd. (b).)

[4] K.W. filed requests for judicial notice in this proceeding of certain correspondence allegedly from Danish government entities regarding initiating a family law case in Denmark. We deny each request and decline to take judicial notice of matters that are not relevant to the disposition of this writ proceeding. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.)

6

*re J.W.*); *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 490 (*In re Marriage of Nurie*).) "The UCCJEA is a model law that 'arose out of a conference of states in an attempt to deal with the problems of competing jurisdictions entering conflicting interstate child custody orders, forum shopping, and the drawn out and complex child custody legal proceedings often encountered by parties where multiple states are involved.' " (*In re J.W.*, at pp. 354–355.) The UCCJEA is designed to avoid jurisdictional conflicts between states and relitigation of custody decisions, to promote cooperation between states, and to facilitate enforcement of another state's custody decrees. (*In re J.W.*, at p. 355.)

Under the UCCJEA, a California court has jurisdiction to make an "initial child custody determination" if, among other bases, California is the child's home state when the proceeding is commenced.[5] (§ 3421, subd. (a)(1)–(4).) The trial court here exercised initial jurisdiction on the basis that California was the child's home state. (See *C.T. v. K.W.* (June 29, 2021, A158691) [nonpub. opn.].)

A California court's proper initial child custody determination also triggers section 3422's "continuing jurisdiction." Under this provision, "[A] court of this state that has made a child custody determination consistent with Section 3421 or 3423 has exclusive, continuing jurisdiction over the determination until either of the following occurs: [¶] (1) A court of this state determines that neither the child, nor the child and one parent, nor the child

_____

[5] " 'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period." (§ 3402, subd. (g).)

7

and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships. [¶] (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state." (§ 3422, subd. (a)(1), (2).)

The question in this case — whether the trial court lost jurisdiction to make any orders as to custody or visitation when it made its section 3422(a)(2) determination, as C.T. contends — is a question of statutory interpretation. As with any statute, interpretation of the UCCJEA is a question of law we review de novo. (*In re J.W.*, *supra*, 53 Cal.App.5th at p. 355.)

C.T. claims that, under the plain language of the statute, the trial court lost exclusive, continuing jurisdiction to make child custody and visitation determinations once it made the section 3422(a)(2) determination. In her return, K.W. counters that the statute must be interpreted in light of the official commentary to the model UCCJEA and out-of-state authorities interpreting statutes similar to section 3422(a)(2), which instruct that the parties' and the child's relocation out of state during a pending proceeding will not divest a court of jurisdiction over a proceeding to which jurisdiction previously attached. We agree with the position K.W. took in her return.

The plain language of the statute, to which we look first (*In re R.L.* (2016) 4 Cal.App.5th 125, 138 (*In re R.L.*)), does not answer the precise question posed in this writ proceeding. As is relevant here, section 3422(a)(2) provides that a court that has made a child custody determination consistent with section 3421 has exclusive, continuing jurisdiction over the determination — hence over custody and visitation — until there is a judicial

8

finding that the child and the child's parents do not live in this state. This statute identifies a circumstance (i.e., the child, the child's parents, and any person acting as a parent do not presently reside in state) in which a court will cease to have exclusive, continuing jurisdiction. It does not, however, identify the *point* at which this circumstance must exist to divest the court of jurisdiction. At the very least, the statutory language is ambiguous. To answer the question posed in this writ proceeding, we therefore resort to statutory construction. (*In re R.L.*, at p. 138.)

Section 3422 is materially identical to section 202 of the model code (National Conference of Commissioners on Uniform State Laws, UCCJEA (1997), § 202), and the official commentary to section 202 of the model code aids our statutory interpretation. As C.T. concedes, "The official commentary from the drafters of the UCCJEA is entitled to substantial weight." (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1288, fn. 6; *Brewer v. Carter* (2013) 218 Cal.App.4th 1312, 1318, fn. 5 [reports of commissions which have proposed statutes that are subsequently adopted are entitled to substantial weight in construing the statutes].) As is relevant here, the official comment to section 202 of the model code states that "continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State"; but — *crucial here* — the official comment also makes clear that the date upon which the "do not presently reside" circumstance must exist in order to divest the court of jurisdiction *is the date of commencement of the relevant proceeding*:

"Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State . . . . Thus, *unless a modification proceeding has been commenced*, when the

9

child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.

. . .

"If the child, the parents, and all persons acting as parents have all left the State which made the custody determination *prior to the commencement of the modification proceeding*, considerations of waste of resources dictate that a court in State B, as well as a court in State A, can decide that State A has lost exclusive, continuing jurisdiction.

. . .

"Jurisdiction attaches at the commencement of a proceeding. If State A had jurisdiction under this section at the time a modification proceeding was commenced there, *it would not be lost by all parties moving out of the State prior to the conclusion of [the] proceeding*. State B would not have jurisdiction to hear a modification unless State A decided that State B was more appropriate under Section 207." (West's U. Laws Ann. (1999) U. Child–Custody Jurisdiction and Enforcement Act, com. foll. § 202, italics added.)

Out of state authorities, which we must consider in construing provisions of the UCCJEA (§ 3461[6]), have all concluded that the relevant parties' relocation out of state during a modification proceeding does not divest the court of jurisdiction where the court had jurisdiction at the time the child custody modification proceeding was filed. In *Plummer v. Plummer* (2021) 823 S.E.2d 258 (*Plummer*), for example, the Supreme Court of Georgia rejected the same argument that C.T. advances here. There, the father filed a petition to modify a Georgia custody order while living in Georgia, but he

---

[6] "In applying and construing this Uniform Child Custody Jurisdiction and Enforcement Act, consideration shall be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it." (§ 3461.)

10

relocated to Virginia shortly after the filing. (*Id.* at pp. 259–260.) The court issued a temporary order on the father's petition after the father moved, and the mother — who had moved out of state before the father filed his modification petition — subsequently filed a motion to dismiss. (*Ibid.*) She argued that the plain language of Georgia's version of section 3422(a)(2) required dismissal because the parties' relocation had divested the court of subject matter jurisdiction. (*Ibid.*) The Georgia Supreme Court held that jurisdiction attached at the time of the filing of the father's petition for modification of custody, the trial court had jurisdiction over the modification action, and jurisdiction was not lost when Father moved. (*Id.* at p. 263.) *Plummer* observed, "Every other state that has addressed this issue has concluded that the jurisdictional question is determined as of the time a child custody modification action is filed." (*Id.* at p. 260, citing *State ex rel. Z. Z. v. State* (Utah App. Ct. 2013) 310 P.3d 772; *Wahlke v. Pierce* (Ky. Ct. App. 2013) 392 S.W.3d 426, 429; *Beam v. Beam* (Haw. Ct. App. 2011) 266 P.3d 466, 469.) Additional authorities are in accord. (*In re A.B.A.M.* (Mont. 2004) 96 P.3d 1139, 1143–1144 [looking to the residency of the relevant parties on the date the action commenced]; *J.N. v. S.S.F.* (N.Y. Fam. Ct. 2020) 141 N.Y.S.3d 246, 252–253 [jurisdiction was not lost because the father resided in New York when the mother filed custody her enforcement petition]; *Hogan v. Hogan* (Neb. 2021) 954 N.W.2d 868, 873 [court lacked jurisdiction over mother's modification request where neither party, nor the children resided in Nebraska when mother filed her modification request].)

In *In re Marriage of Nurie*, addressing section 3423, subdivision (a), our colleagues in Division Two recognized that the date relevant to the jurisdictional determination based on where the parties "presently reside"

11

under the UCCJEA is the date the action commenced.[7] (*In re Marriage of Nurie*, *supra*, 176 Cal.App.4th at pp. 504–505 & fn. 29.) There, the husband initiated a dissolution action in June 2003 while his wife and child lived in Pakistan. (*Id.* at p. 485.) The court awarded the husband temporary custody in July 2003 and the court issued a final custody determination in November 2003. (*Id.* at pp. 485–486.) In October 2003, while the husband lived in California, the wife filed a custody action in Pakistan. (*Id.* at pp. 486, 504–505.) The Pakistani action resulted in visitation orders in December 2003 and July 2006, and the wife later argued in the California case that these were valid modification orders under the UCCJEA. (*Id.* at pp. 486–489, 504.) The court found this was not the case. "Not only was [the judicial finding that 'the child, the child's parents, and any person acting as a parent do not presently reside' in California] never made, but there was no substantial evidence to support such a finding on October 1, 2003, when [w]ife's custody action was commenced in Pakistan." (*Id.* at p. 504.) The court observed that this same conclusion applied to the date upon which each Pakistani visitation order issued, but the court nonetheless recognized that the date relevant to the jurisdictional determination was the date the action commenced. (*Id.* at p. 504 & fn. 29 ["Jurisdiction is determined on the date an action is commenced, not at the time each individual visitation order is issued. It appears that [the 2006 order the wife sought to enforce] can be traced back to Pakistan's original assumption of jurisdiction in 2003."].)

---

[7] Section 3423, rather than section 3422, governs a state's ability to modify another state's custody determination. One requirement thereunder is that "[a] court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state." (§ 3423, subd. (b).) Because section 3423, subdivision (b) uses language similar to section 3422(a)(2), *In re Marriage of Nurie* is relevant here.

We acknowledge that *A.M. v. Superior Court* (2021) 63 Cal.App.5th 343 (*A.M.*) reached a different result. There, the child's father passed away and the paternal grandparents filed a petition requesting visitation with their grandchild. (*Id.* at p. 347.) Before the court acted on the petition, the mother and child moved to Washington. (*Ibid.*) The trial court declined to enter temporary visitation orders, and the parties attempted to settle the matter. (*Ibid.*) The grandparents subsequently asked to set the matter for trial. (*Id.* at pp. 347–348.) The mother opposed the request and filed her own application to terminate the court's UCCJEA jurisdiction under section 3422(a)(2). (*A.M.*, at p. 348.) The trial court denied the mother's request, reasoning that there were still significant connections to the state through the grandparents (§ 3422, subd. (a)(1)) and the mother had not initially challenged the court's exercise of jurisdiction. (*A.M.*, at pp. 348–349.) The appellate court reversed, concluding that the jurisdictional challenge could not be forfeited, and jurisdiction had terminated under the plain language of section 3422(a)(2) because the mother and child undisputedly did not reside in California. (*A.M.*, at pp. 352–355.) The court issued a peremptory writ directing the trial court to dismiss the grandparents' petition. (*Id.* at p. 355.)

We are unpersuaded by *A.M.* because, as explained above, we do not believe the plain language of the statute answers the question of when the circumstance set forth in section 3422(a)(2) must exist to divest a court of jurisdiction over pending litigation. Furthermore, it does not appear that the grandparents in *A.M.* raised the argument that K.W. raises here – that the court's exclusive, continuing jurisdiction was not lost by virtue of the relocation because jurisdiction under sections 3421 and 3422 had attached at the commencement of the proceeding, before the parent and child moved out of California.

13

Considering section 3461, the out-of-state authorities discussed above, and the official commentary to section 202 of the model UCCJEA, we reject the argument that the relevant parties' relocation out of state during a pending proceeding divests a court of jurisdiction to adjudicate the matters that were put at issue at the commencement of that proceeding to a final determination if jurisdiction properly attached at the proceeding's commencement.

It is true that the authorities relied on herein address statutes like section 3422(a)(2) in the context of modification proceedings commenced after final custody and visitation determinations have been made, not a scenario where an original proceeding remains pending with no final custody and visitation determination and judgment. That is the unusual nuance presented by this case. As they apply here, we believe these authorities stand for the rule that, if jurisdiction in a custody and visitation proceeding properly attached under the UCCJEA at the commencement of the proceeding, as it did here when C.T. filed his request in 2019, that jurisdiction cannot be defeated by the parties' relocation out of state while the proceeding is pending and prior to the court's final order resolving the original custody dispute. This interpretation of section 3422(a) makes sense because any contrary interpretation could lead to forum shopping: Jurisdiction would be dependent on the whims of parents who could move out of state if not satisfied with the court's interim rulings or comments while a proceeding was pending. (Cf. *State ex rel. Z.Z. v. Utah, supra,* 310 P.2d at p. 777 ["we decline to adopt a view of [Utah's analog to section 3422(a) and UCCJEA § 202] that allows parents to unilaterally upend a court's proper exercise of jurisdiction by leaving the state while a proceeding is pending"].)

14

In this case, C.T.'s original request seeking a child custody and visitation determination has remained a pending proceeding since it was filed in 2019. The trial court acquired jurisdiction over this original child custody and visitation proceeding at its commencement when C.T. filed his 2019 request (§§ 3421, subd. (a)(1), 3422), and this first proceeding has yet to be fully adjudicated through to a final custody and visitation determination. On these facts, we hold that neither the relocation of C.T. and his son, nor the trial court's August 2024 section 3422(a)(2) determination, divested the trial court of jurisdiction to bring this original proceeding to a resolution by issuing a final custody and visitation determination with respect to the matters put at issue in this proceeding that remain unresolved — the parties' custody and visitation rights with respect to their son.[8] For this reason, we must deny C.T.'s broad request for a writ determining that "the [trial] court improperly found that it retains continuing jurisdiction to make custody and visitation orders after it found, pursuant to [s]ection 3422(a)(2), that neither the child nor the parents nor anyone acting as a parent presently reside in California, and compelling the [trial] court to vacate that finding and instead enter a new order finding that California no longer has exclusive, continuing jurisdiction over custody and visitation of the minor child, and in fact lacks subject matter jurisdiction under the UCCJEA to make or modify custody and visitation orders."[9]

---

[8] Whenever that final custody and visitation order is made, it is possible that the court's section 3422(a)(2) determination would divest the court of exclusive, continuing jurisdiction over any future proceedings to modify that order. However, we express no opinion on that matter because any such opinion would be premature.

[9] The parties raise several arguments with respect to the application of section 3422, subdivision (b), which provides a ground for jurisdiction as specified when a court of this state has made a child custody determination

15

## DISPOSITION

We deny the writ petition.

 

_____<br>
Brown, P. J.

WE CONCUR:


_____

Streeter, J.


_____

Goldman, J.

---

but has lost exclusive, continuing jurisdiction.  (§ 3422, subd. (b).)  In light of our conclusion that the trial court did not lose such jurisdiction as a result of its section 3422(a)(2) determination, we need not address these arguments.

Trial Court:      City & County of San Francisco Superior Court

Trial Judge:      Hon. Russell S. Roeca

Counsel:      Sucherman–Insalaco LLP, Michelene Insalaco for Petitioner

K. W., in pro. per., for Real Party in Interest

*Superior Court of San Francisco County v. K.W. (A171160)*